Exhibit 6

**CAREY & ASSOCIATES LLC**
Attorneys for Michael Q. Carey,
d/b/a Carey & Associates
521 Fifth Avenue, Suite 3300
New York, NY 10175-3399
Tel: 212-758-0076
Fax: 212-758-0069
Michael Q. Carey (MC 1802)
Natasha P. Concepcion (NC 1481)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

In re:                                      Chapter 13

RUDOLF J.O. ERNST and ANGELIKA L.            Case No. 04-12291-JMP
ERNST,

                         Debtors.
-------------------------------------X

## MEMORANDUM OF LAW

(Opposition to Debtors' Motion for Summary Judgment)

                         CAREY & ASSOCIATES LLC
                         Attorneys for Michael Q. Carey,
                         d/b/a Carey & Associates
                         521 Fifth Avenue, Suite 3300
                         New York, NY 10175-3399
                         Tel: 212-758-0076
                         Fax: 212-758-0069

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................... II

    A.    CASES ...................................................... II

    B.    STATUTES ................................................. III

PRELIMINARY STATEMENT .............................................. 1

FACTS .............................................................. 1

PROCEDURAL HISTORY OF THE WEEN CASE ................................ 4

    A.    SUPREME COURT ............................................. 4

    B.    APPELLATE DIVISION ........................................ 5

    C.    SUPREME COURT (ON REMAND) ................................. 6

ARGUMENT ........................................................... 6

POINT I ............................................................ 6

CAREY'S RETAINER AGREEMENT IS ENFORCEABLE .......................... 6

    A.    RES JUDICATA BARS DEBTORS FROM NOW RAISING THE
          ENFORCEABILITY OF CAREY'S RETAINER AGREEMENT ................. 7

    B.    THE HOLDING OF WEEN IS NOT APPLICABLE TO THIS CASE ......... 10

    C.    THE WEEN DECISION IS NOT FINAL AND SHOULD NOT BE TREATED
          AS CONTROLLING PRECEDENT .................................. 11

    D.    THE COURT SHOULD NOT RETROACTIVELY APPLY WEEN TO THE FINAL
          CAREY JUDGMENT ............................................ 12

POINT II .......................................................... 14

AS A PRO SE LITIGANT, CAREY HAD A CONTRACTUAL RIGHT TO
COLLECTION FEES ................................................... 14

    A.    RES JUDICATA BARS DEBTORS FROM NOW CHALLENGING THE
          ENFORCEABILITY OF CAREY'S RETAINER AGREEMENT ON THE BASIS
          OF CAREY BEING PRO SE ..................................... 15

    B.    CAREY'S COLLECTION FEES ARE PAYABLE AS A MATTER OF
          CONTRACT .................................................. 15

POINT III ......................................................... 17

DEBTORS FAIL TO SHOW THAT NO GENUINE ISSUE EXISTS AS TO MATERIAL
FACTS THEY ALLEGED ................................................ 17

CONCLUSION ........................................................ 18

## TABLE OF AUTHORITIES

A.  **CASES**

ALYESKA PIPELINE SERV. CO. V. WILDERNESS SOCIETY, 421 U.S. 240,
        247, 95 S.CT. 1612 (1975) ................................ 16n8

BD EX REL. JEAN DOE V. DEBUONO, 193 F.R.D. 117 (S.D.N.Y. 2000) 17n10

BELMONT V. ASSOCIATES NAT. BANK (DELAWARE), 119 F.SUPP.2D 149
        (E.D.N.Y. 2000) ........................................... 17

DUBUONO V. KAPLAN [SIC], 193 F.R.D. 117 (S.D.N.Y. 2000) .......... 17

DEPASQUALE V. ALLSTATE INS. CO., 179 F.SUPP.2D 51 (N.D.N.Y.
        2002) ................................................... 8,9

HENNESSY V. CEMENT AND CONCRETE WORKER'S UNION LOCAL 18A, OF
        THE LABORER'S INT'L UNION OF NORTH AMERICA, AFL-CIO, 963
        F.SUPP. 334 (S.D.N.Y. 1997) ............................... 8

IN RE ARBITRATION BETWEEN WESTCHESTER FIRE INS. CO. V.
        MASSAMONT INS. AGENCY, INC., 420 F.SUPP.2D 223 (S.D.N.Y.
        2005) ..................................................... 16

IN RE BERRY ESTATES, INC., 812 F.2D 67 (2D CIR. 1987) ........... 13

IN RE BORISON, 226 B.R. 779 (BANKR. S.D.N.Y. 1998) .............. 14

IN RE EMERGENCY BEACON CORP., 27 B.R. 757 (BANKR. S.D.N.Y.
        1983) ..................................................... 16

IN RE HALPERIN, 215 B.R. 321 (BANKR. E.D.N.Y. 1997) .............. 8

IN RE HOFFMAN, 287 A.D.2D 119, 733 N.Y.S.2D 168 (N.Y.A.D. 1ST
        DEP'T 2001) ............................................. 8,9

JOHNSON V. WATKINS, 101 F.3D 792 (2D CIR. 1996) ................ 8,9

KAY V. EHRLER, 111 S.CT. 1435 (1991) ........................ 16,17

MARTIN-TRIGONA V. CHAMPION FEDERAL SAV. AND LOAN ASS'N, 892
        F.2D 575 (7TH CIR. 1989) .................................. 13

MCRORY V. CRAFT ARCHITECTURAL METALS CORP., 112 A.D.2D 358, 491
        N.Y.S.2D 808 (2D DEP'T 1985) .............................. 16

MIGRA V. WARREN CITY SCHOOL DIST., 465 U.S. 75, 104 S.CT. 892,
        79 L.ED.2D 56 (1984) ...................................... 8

MOORE V. KOPEL, 237 A.D.2D 124, 125, 653 N.Y.S.2D 927 (1ST DEP'T
        1997) ..................................................... 16

PEOPLE V. PETERSON, 623 N.Y.S.2D 709, 164 MISC.2D 103 (N.Y.
        SUP. CT., MONROE CTY. 1995) ............................ 12,14

QUARTARARO V. CATTERSON, 917 F.SUPP. 919 (E.D.N.Y. 1996) ......... 9

WARNER BROS., INC. V. DAE RIM TRADING, INC., 877 F.2D 1120 (2D
        CIR. 1989) ............................................. 10,18

WEEN V. DOW, 35 A.D.3D 58, 822 N.Y.S.2D 257 (N.Y.A.D. 1ST DEP'T
    OCT. 5, 2006) ............................. 4,5,5n5,6,10,11,12,14

**B.   STATUTES**

11 U.S.C. § 362(a)(2) ............................................. 13

28 U.S.C. § 1738 .................................................. 8

42 U.S.C. § 1988 ................................................. 17

CPLR § 5602 ..................................................... 12

CPLR § 5701(a)(1) ............................................. 13,14

CPLR § 5513 .................................................. 13,14

RULE 7056-1, LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT
    OF NEW YORK ................................................ 18

### PRELIMINARY STATEMENT

Creditor Michael Q. Carey, d/b/a Carey & Associates ("**Carey**"), submits this memorandum of law in opposition to debtors' motion for summary judgment, by Notice of Motion dated January 17, 2007 ("**Ernst Motion**").

### FACTS

Debtors signed a retainer agreement with Carey dated January 5, 1998. (Statement of Facts, ¶¶ 1-2).[1] The retainer agreement provided:

> ...If we take any action to … collect the amounts payable under this agreement, you and Angelika Ernst agree to pay for our efforts and for those of any attorney we hire, at the same rates set forth in this agreement or charged to us by outside counsel, and for the costs and disbursements related thereto. (Ernst Aff Ex B: Retainer Agreement, dated January 5, 1998, p. 5).

In August 1998, Carey commenced suit against debtors in the

---

[1]     Citations preceded by "**Statement of Facts**" refer to debtors' Statement of Undisputed Facts Pursuant to Local Rule 7056-1(b) in support of their Motion for Summary Judgment, dated January 17, 2007.

Citations preceded by "**Ernst Memo**" refer to the page number of, and paragraph numbers added for ease of reference to, the Memorandum of Law in Support of Debtors' Motion for Summary Judgment, dated January 17, 2007. A copy of the Ernst Memo with the added paragraph numbers is attached as Ex A to the NPC Aff, sworn to January 24, 2007.

Citations preceded by "**Ernst Aff**" refer to the Affidavit of Rudolf J.O. Ernst in Support of Debtors' Motion for Summary Judgment, sworn to January 17, 2007.

Citations preceded by "**Fox Aff**" refer to the Affirmation of Joseph L. Fox, Esq. in Support of Debtors' Motion for Summary Judgment, executed January 17, 2007.

Citations preceded by "**NPC Aff**" refer to the Affidavit of Natasha P. Concepcion in Opposition to Debtors' Motion for Summary Judgment, sworn to January 24, 2007.

Supreme Court for the State of New York, County of New York ("**Supreme Court**") for non-payment of fees and disbursements incurred in defending Debtor Rudolf Ernst in an extradition proceeding. The case is styled <u>Carey & Associates v. Rudolf Johann Othmar Ernst, Angelika Ernst, and Rudi Ernst, Jr.</u>, Index No. 604000. ("**Carey Complaint**").

In June 2003, Carey moved for summary judgment on all four causes of action in the Carey Complaint, and for summary judgment dismissing debtors' counterclaims and affirmative defenses. Approximately nine months later, the Supreme Court granted Carey's motion for summary judgment, for breach of contract and for an account stated, by order dated March 19, 2004 (filed March 26, 2004) ("**Carey Judgment**").[2]

Debtors never appealed the Carey Judgment. Instead, they filed a petition in bankruptcy on April 5, 2004, 10 days after the Supreme Court decision was filed.

In the Ernst Motion, debtors seek entry of an order disallowing, dismissing and expunging Carey's Amended Proof of Claim, filed October 16, 2006, except to the extent of the part of Carey's claim already allowed by this Court. (Fox Aff ¶ 2).

---

[2]    Debtors cross-moved for summary judgment. Their motion was denied. Carey's *quantum meruit* claim was dismissed as required by granting Carey's claim for breach of contract.
    Rudi Ernst Jr. ("**REJ**") moved to dismiss the cause of action against him for breach of oral contract. The Supreme Court granted his cross-motion. (Ernst Aff Ex D, p. 3-4).

The amount of Carey's claim allowed to date consists of one part of the Carey Judgment, in the amount of $72,274.14, for fees and disbursements related to his representation of debtor Rudolf Johann Othmar Ernst ("**Dr. Ernst**") in the extradition proceeding, plus interest at 9% per annum from July 28, 1998 through the filing of the bankruptcy petition. (collectively "**Extradition Judgment**"). (See Fox Aff ¶ 2; see Ernst Aff Ex H, p. 4).[3] The second part of the Carey Judgment included an award of summary judgment on Carey's claim for attorney fees and disbursements incurred to collect the Extradition Judgment. ("**Collection Judgment**"). With respect to Carey's Collection Judgment, the Supreme Court granted Carey's contract claim for collection costs and, on a date to be scheduled, ordered a hearing to assess the amount of such damages. (See Ernst Aff Ex D, p. 4). This issue is now awaiting a hearing before this Court.[4]

---

[3]     The interest allowed totals $37,690.96. Under debtors' current Chapter 13 Plan, Carey is being paid 20.68% of $109,965.10 (or approximately $22,735 over the life of the Chapter 13 plan).

[4]     The Carey Judgment granted Carey's first cause of action for breach of contract in its entirety. (Ernst Aff Ex D, p. 4). In the first cause of action for breach of contract, Carey alleged as follows:

> 19. CAREY & ASSOCIATES, pursuant to the Retainer Agreement is entitled to interest from ERNST on unpaid amounts, from the date billed, at the rate of twelve percent (12%) annually or one percent (1%) per month, compounded monthly, from the date of the bill until paid.
>
> 20. Through July 31, 1998, the period covered by the bill to ERNST JR, dated August 7, 1998, Ref. # 1950, ERNST owes CAREY & ASSOCIATES $72,274.14, including interest.

(continued)

- 3 -

## PROCEDURAL HISTORY OF THE WEEN CASE

Debtors rely on <u>Ween v. Dow</u>, 35 A.D.3d 58, 822 N.Y.S.2d 257 (N.Y.A.D. 1st Dep't Oct. 5, 2006) in support of their argument made in Point I of the Ernst Memo that the clause in Carey's retainer agreement that requires debtors to pay the costs to obtain the Extradition Judgment is unenforceable. We summarize the history of that case below.

### A.    SUPREME COURT

Ween, the plaintiff-attorney ("**Attorney**"), sued Dow, his former client ("**Client**"), for recovery of unpaid legal bills. Attorney also sought, in the fourth cause of action, to recover attorneys' fees and the costs of collection against Client, pursuant to the provisions of his retainer agreement. <u>Ween</u>, 822 N.Y.S.2d at 259.

Attorney moved for partial summary judgment on the second cause of action for an account stated, and on the fourth cause of action for collection costs. Client cross-moved for partial summary judgment to dismiss the fourth cause of action. Client argued that the contract provision giving Attorney the right to recover collection fees was unenforceable and void against

---

***

22. CAREY & ASSOCIATES, pursuant to the Retainer Agreement, is entitled to collect attorneys' fees, costs and disbursements from ERNST which are incurred by CAREY & ASSOCIATES in withdrawing from representing ERNST and in collecting the past due amounts payable under the Retainer Agreement. (<u>See</u> NPC Aff Ex C, ¶¶ 14-23).

- 4 -

public policy because it was not reciprocal. See Ween, 822 N.Y.S.2d at 261.

The Supreme Court denied Attorney's motion for partial summary judgment, finding issues of fact regarding Client's objections were sufficient to deny judgment on an account stated.[5]

The Supreme Court also denied Client's motion and found that the resolution of the issue of whether Attorney was entitled to attorneys' fees for collection was premature, and that Client failed to demonstrate that the provision permitting Attorney to recover such fees violated New York law. Ween, 822 N.Y.S.2d at 260. Attorney appealed. Client cross-appealed.

## B.    APPELLATE DIVISION

The Appellate Division, First Department, found in favor of

---

[5]    Here, the Supreme Court found that debtors had failed to show any factual basis that Carey breached his fiduciary duty, and dismissed debtors' baseless counterclaims against Carey for breach of fiduciary duty and malpractice. In Ween, Client alleged that she wrote Attorney stating: "I feel your bills are not at all honest…[,]" but kept making partial payments because Attorney allegedly convinced her that she could not retain another attorney until Attorney's entire fee had been paid. Client also alleged that Attorney intimidated her when she tried to dispute Attorney's bills. Client alleged that when she did so, attorney was "…verbally abusive, cursing, throwing wild temper tantrums and turning purple with rage…". Ween, 822 N.Y.S.2d at 260.

Client also claimed that she eventually discovered that Attorney charged her "…for shoddy work and mistakes, including, but not limited to: two Housing Court proceedings which were dismissed, one that was withdrawn due to improper service, and the other in which the court declined to sign the order to show cause initiating the proceeding; three unsuccessful, and duplicative, contempt motions made in one Housing Court proceeding, all of which were denied for the same reasons; and the filing of a motion for consolidation, which was denied, after [the] Civil Court had previously refused to sign an order to show cause for the exact same relief." Ween, 822 N.Y.S.2d at 260.

Client on her cross-appeal. It concluded that a "…provision, which permits the recovery of attorneys' fees by the attorney should he prevail in a collection action, without a reciprocal allowance for attorneys' fees should the client prevail, to be fundamentally unfair and unreasonable." Ween, 822 N.Y.S.2d at 261.

The Appellate Division dismissed Attorney's fourth cause of action, which sought attorneys' fees and collection costs from Client, but otherwise affirmed the Supreme Court.

## C.    SUPREME COURT (ON REMAND)

The matter is currently scheduled for trial before the Supreme Court. (NPC Aff Ex B). The issue before the Supreme Court, as affirmed by the Appellate Division, will be to determine whether Client's oral and written objections were sufficient to defeat Attorney's claim for an account stated. Ween, 822 N.Y.S.2d at 262.

## ARGUMENT
### POINT I
### CAREY'S RETAINER AGREEMENT IS ENFORCEABLE

Citing Ween, debtors argue that Carey's retainer, to the extent it seeks collection fees, as a matter of law, should not be enforced. They argue that the agreement is unenforceable because Carey's retainer agreement, as conceded by Carey, did not provide a reciprocal provision for collection fees, costs and disbursements, including attorneys' fees, should debtors

- 6 -

prevail against him. (Ernst Memo, p. 8).

Debtors' argument has no merit.

**A.    RES JUDICATA BARS DEBTORS FROM NOW RAISING THE
ENFORCEABILITY OF CAREY'S RETAINER AGREEMENT**

The Carey Judgment is *res judicata* in this proceeding.

Debtors have failed to address this issue in their motion for

summary judgment.

Despite the express language of the retainer agreement, and

without any legal authority to support their counterclaim

against Carey in the Supreme Court, debtors argued that the

provision in the retainer agreement that entitled Carey to

recover the costs of collection, including attorneys' fees,

costs and disbursements, was reciprocal as a matter of law.

(Ernst Aff Ex D, p. 2). Thus, in their third counterclaim to the

Carey Complaint, debtors implicitly claimed that Carey's

retainer agreement was valid and enforceable.

Consistent with their claim, debtors did not argue in the

Supreme Court that the retainer agreement was invalid or

unenforceable.

The Supreme Court ruled against debtors, rejecting their

interpretation of the retainer agreement and, on Carey's motion

for summary judgment, dismissed their third counterclaim. (Ernst

Aff Ex D, p. 4).

The current proceeding between Carey and debtors is between

- 7 -

the same parties as in the Supreme Court, and is deemed to be a separate and distinct action to which the doctrine of *res judicata* applies. In re Hoffman, 287 A.D.2d 119, 122, 733 N.Y.S.2d 168, 172 (N.Y.A.D. 1st Dep't 2001).

Under the Full Faith and Credit Clause of the Constitution, a federal court is required to give the same preclusive effect to state court judicial proceedings as would be given under the law of the state in which a decision was rendered. 28 U.S.C. § 1738; see Migra v. Warren City School Dist., 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); Johnson v. Watkins, 101 F.3d 792, 794 (2d Cir. 1996); DePasquale v. Allstate Ins. Co., 179 F.Supp.2d 51, 57 (N.D.N.Y. 2002).

Debtors seek to re-litigate in this forum the validity and enforceability of the Carey Judgment that was decided on all issues in another forum before this matter was commenced. They cannot do so because, after summary judgment was granted on all issues, the Carey Judgment was final for purposes of applying *res judicata*. Hennessy v. Cement and Concrete Worker's Union Local 18A, of the Laborer's Int'l Union of North America, Afl-CIO, 963 F.Supp. 334, 338 (S.D.N.Y. 1997) (the requirement of finality for purposes of *res judicata* does not necessarily mean a final judgment in an action); accord In re Halperin, 215 B.R. 321, 335 (Bankr. E.D.N.Y. 1997) (rejecting debtor's argument that preclusive effect (*i.e., collateral estoppel*) should not be

given to a state court decision against her).

Under New York law, application of the principle of *res judicata* bars re-litigation of a claim actually raised as well as a claim that might have been raised in a prior proceeding. DePascuale, 179 F.Supp.2d at 57; see Johnson, 101 F.3d 794-795; accord Quartararo v. Catterson, 917 F.Supp. 919, 944 (E.D.N.Y. 1996); Hoffman, 287 A.D.2d at 123, 733 N.Y.S.2d at 172.

Debtors were accorded a full and fair opportunity to make their arguments and could have challenged, but failed to challenge, the validity or enforceability of the retainer agreement. (Alternatively, they raised such arguments in the Supreme Court and lost.) Not only did debtors waive or lose certain arguments but also, as noted above, they took no appeal from the Carey Judgment.

The process of setting legal fees in this forum requires that Carey justify the amount charged, and gives debtors the right to contest whether the amount billed was reasonable (Hoffman, 287 A.D.2d at 122, 733 N.Y.S.2d at 172), an issue to be determined at the hearing pending before this Court. However, the review of the reasonableness of Carey's collection fees does not preserve debtors' right to contest the validity or enforceability of the contract under which Carey's legal fees were awarded. Hoffman, 287 A.D.2d at 122-123, 733 N.Y.S.2d at 171-172.

- 9 -

**B.    THE HOLDING OF <u>WEEN</u> IS NOT APPLICABLE TO THIS CASE**

In <u>Ween</u>, Attorney did not move for summary judgment for breach of contract. He moved for summary judgment on account stated, where, the Supreme Court noted it is "…generally not necessary to establish the reasonableness of the attorney's fees." (NPC Aff Ex D, p. 4).

Attorney also moved for summary judgment pursuant to his retainer agreement where it provided he could recover collection fees "…in any collection action [he] brought." (NPC Aff Ex D, p. 2). The Supreme Court denied summary judgment finding sufficient evidence of oral objections to the account rendered to rebut any inference of an implied agreement to pay the stated amount. (NPC Aff Ex D, p. 5). Client's objections to Attorney's services were sufficient to establish triable issues of fact on the reasonableness of Attorney's fees. (NPC Aff Ex D, p. 6). The Supreme Court concluded that the motions were premature, stating Attorney had not yet shown he was entitled to recover at all. (NPC Aff Ex D, p. 6).

Insofar as the decision of the Appellate Division was a "deliberate or solemn decision of a court or judge, made after argument on a question of law fairly arising in a case, and necessary to its determination (<u>Warner Bros., Inc. v. Dae Rim Trading, Inc.</u>, 877 F.2d 1120, 1128 (2d Cir. 1989)), the

-10-

Appellate Division holding should be limited to finding that
without proof of a valid contract, not even prima facie proof
(<u>Ween</u>, 822 N.Y.S.2d at 260), even where the retainer agreement
provides for recovery of collection fees on "any action," where
that action is solely on account stated, in the absence of proof
of a binding retainer agreement, it would be unconscionable to
award attorneys' fees to Attorney where a similar right was not
available to Client if Client prevailed.

If <u>Ween</u> is limited as proposed, its holding provides no
support to debtors' argument. If the Court interprets <u>Ween</u>
differently, the Court should nevertheless deny debtors' motion
for the reasons set forth in this memorandum.

**C.    THE <u>WEEN</u> DECISION IS NOT FINAL AND SHOULD NOT BE TREATED AS
       CONTROLLING PRECEDENT**

Even if the holding in <u>Ween</u> supports debtors' argument,
their motion should be denied. The <u>Ween</u> decision is not a final
decision and should not be treated as controlling precedent.
Debtors have failed to address this issue in their motion for
summary judgment except to implicitly concede that <u>Ween</u> may not
be final. (<u>See</u> NPC Aff Ex A: Ernst Memo, p. 8 ¶ 37, p. 10 ¶ 43).

CPLR § 5611 provides that an Appellate Division order is
final only "[i]f the appellate division disposes of all the
issues in the action…." The <u>Ween</u> decision did not do so. The
Appellate Division dismissed the fourth (contract) cause of
action but not the cause of action based on account stated,

-11-

which is currently before the trial court. Trial is scheduled to
commence on February 21, 2007 before the Hon. Jane S. Solomon,
Justice of the Supreme Court, New York County. (NPC Aff Ex B).
Moreover, pursuant to CPLR § 5602, Attorney will have an
opportunity to appeal the decision of the Appellate Division
after the Supreme Court renders judgment in <u>Ween</u>.

**D.    THE COURT SHOULD NOT RETROACTIVELY APPLY <u>WEEN</u> TO THE FINAL
CAREY JUDGMENT**

Without citing any supporting legal authority, debtors
argue that this Court should apply the <u>Ween</u> case retroactively.
(<u>See</u> Ernst Memo, p. 7-10). Even if <u>Ween</u> were a final decision in
the case, debtors' motion should be denied.

Debtors and Carey signed Carey's retainer letter in January
1998, 8 years before <u>Ween</u> was decided, and the Supreme Court
filed the Carey Judgment on March 26, 2004, approximately 2
years before the <u>Ween</u> decision.

Absent manifest injustice … retroactive application of a
judicial decision should not be given to those cases where the
<u>normal appeal process has ended</u>. <u>People v. Peterson</u>, 623
N.Y.S.2d 709, 710, 164 Misc.2d 103, 105 (N.Y. Sup. Ct., Monroe
Cty. 1995) (emphasis added).

Debtors have not claimed they would suffer any manifest
injustice if <u>Ween</u> were not applied retroactively. They could not
do so. This is not a case like <u>Ween</u> where, assuming <u>Ween</u> is not

-12-

reversed or modified when the case is final, judgment on the merits could be awarded to Client but client could not be awarded attorneys' fees. Debtors have been denied judgment on their claims against Carey and could not possibly have been awarded attorneys' fees as the prevailing party.

Moreover, the normal appeal process has ended. Carey served notice of entry of the Carey Judgment on April 20, 2004. (NPC Aff ¶ 14). Debtors had 30 days after that date to appeal the Carey Judgment (plus five days for mailing), or until May 25, 2004. (CPLR § 5513). Debtors did not appeal the Carey Judgment.

Pursuant to CPLR § 5701(a)(1), debtors could have appealed the order identified as the Carey Judgment to the appellate division as of right because it was an order originating in the Supreme Court, and would have been an appeal "from [a] final or interlocutory judgment…."

The bankruptcy petition stayed Carey's ability to obtain a judgment against debtors (11 U.S.C. § 362(a)(2)). However, it did not stay debtors' ability to obtain a judgment or to file a notice of appeal, and they failed to take either course of action. See In re Berry Estates, Inc., 812 F.2d 67, 71 (2d Cir. 1987) (holding the automatic stay not applicable to state court actions brought by Chapter 11 debtor); see also Martin-Trigona v. Champion Federal Sav. and Loan Ass'n, 892 F.2d 575 (7th Cir. 1989) (holding that the automatic stay is inapplicable to suits

-13-

by the debtor).

Debtors did not merely overlook filing a Notice of Appeal.
Debtors deliberately chose not to appeal and filed their
Petition to prevent the Supreme Court from issuing a judgment
other than at the request of debtors. They made no such request.
Debtors could otherwise have appealed from the judgment,
pursuant to CPLR § 5701. However, by staying the Supreme Court
from entering Judgment in Carey's favor, debtors foreclosed
themselves from appealing a judgment pursuant to CPLR §§ 5701
and 5513. See also In re Borison, 226 B.R. 779, 786 (Bankr.
S.D.N.Y. 1998) (holding that because Chapter 7 trustees did not
seek to appeal a state court judgment entered in Oklahoma, the
judgment was a binding determination before the bankruptcy
court).

Since Debtors allowed the time to lapse for them to appeal
and since they stayed entry of a judgment from which an appeal
might be taken, the Supreme Court decision upholding Carey's
retainer agreement ended the normal appeal process. Peterson,
623 N.Y.S.2d at 710. Thus, long before Ween was decided, the
Carey Judgment was final.

### POINT II
#### AS A *PRO SE* LITIGANT, CAREY HAD A
#### CONTRACTUAL RIGHT TO COLLECTION FEES

There is no question that Carey represented himself in his
suit against debtors. On the basis that Carey was *pro se*,

debtors argue that Carey is not entitled to collection fees.

(Ernst Memo, p. 9, 10-11). Debtors' argument has no merit.[6]

**A.   RES JUDICATA BARS DEBTORS FROM NOW CHALLENGING THE ENFORCEABILITY OF CAREY'S RETAINER AGREEMENT ON THE BASIS OF CAREY BEING *PRO SE***

The issue of whether Carey's retainer agreement was unfair

or unreasonable, because it provided for payment for legal

services *pro se,* is also *res judicata*. (See legal authority

cited in Point I(A), supra). Carey addressed this issue in his

motion for summary judgment before the Supreme Court. The

Supreme Court agreed with Carey that a *pro se* attorney could be

awarded attorneys' fees when it awarded Carey his collection

fees pursuant to the retainer agreement. (See generally Ernst

Aff Ex D).[7]

**B.   CAREY'S COLLECTION FEES ARE PAYABLE AS A MATTER OF CONTRACT**

Debtors expressly agreed in Carey's retainer agreement to

pay Carey for his efforts *pro se* or to pay an attorney he hired

to collect the fees owed by debtors:

> …If we take any action to … collect the

---

[6]    Debtors did not indicate either to Carey or to the Court during the pre-motion conference on January 4, 2007 that their motion for summary judgment would also be made on this basis. Nevertheless, neither the Court's December 28, 2006 order nor the oral directives of the Court on January 4, 2007 placed any limits on the subject matter of debtors' dispositive motion(s). As such, debtors were permitted to file such a motion.
[7]    Debtors also made this same argument before Hon. Cornelius Blackshear, in this court. (Memorandum of Law in Support of Debtors' Objection to Claim No. 9, dated and filed September 27, 2004). Though raised and briefed by the parties, the court denied Carey's claim for collection costs in its entirety on other grounds and did not specifically address the *pro se* issue. The United States District Court for the Southern District of New York reversed Judge Blackshear by order dated November 8, 2005. (Ernst Aff Ex H).

-15-

> amounts payable under this agreement,
> you and Angelika Ernst agree to pay for
> our efforts and for those of any
> attorney we hire….(Ernst Aff Ex B:
> Retainer Agreement, dated January 5,
> 1998, p. 5).

Attorneys' fees are generally awarded to a prevailing party if expressly provided for by contract. In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc., 420 F.Supp.2d 223, 227 (S.D.N.Y. 2005); see also Moore v. Kopel, 237 A.D.2d 124, 125, 653 N.Y.S.2d 927, 929 (1st Dep't 1997); McRory v. Craft Architectural Metals Corp., 112 A.D.2d 358, 358, 491 N.Y.S.2d 808, 809 (2d Dep't 1985).

Debtors cite three cases for the proposition that Carey is not entitled to attorneys' fees as a pro se litigant. (Ernst Memo p. 9). None of the cases supports debtors' argument.

In the first case, In re Emergency Beacon Corp., 27 B.R. 757 (Bankr. S.D.N.Y. 1983), the court denied attorneys' fees under the statutory exception to the American Rule to a pro se non-attorney.[8] Beacon tracks the majority of U.S. Circuit court cases involving matters where statutory attorneys' fees could be awarded but were denied to non-attorneys who did not use the services of an attorney during litigation. Beacon, 27 B.R. at 766-767.

---

[8]    The "American Rule" ordinarily prevents the prevailing litigant from recovering its attorneys' fees from its unsuccessful opponent. Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 1622 (1975).

-16-

In debtors' second case, <u>Kay v. Ehrler</u>, 111 S.Ct. 1435 (1991), the court denied a *pro se* attorney attorneys' fees for representing himself under 42 U.S.C. § 1988.[9] <u>Kay</u> and other cases on the same subject do not prohibit fees claimed pursuant to contract. Such cases, including the third case relied upon by debtors, <u>Dubuono v. Kaplan</u> [sic], 193 F.R.D. 117 (S.D.N.Y. 2000),[10] prohibit statutory attorneys' fees to a *pro se* attorney. <u>See</u> <u>also</u> <u>Belmont v. Associates Nat. Bank (Delaware)</u>, 119 F.Supp.2d 149, 166 (E.D.N.Y. 2000) (holding that while it was an issue of first impression under the statute at issue in that case, Supreme Court and other appeals court precedents on similar fee shifting provisions of other federal remedial statutes, compel the court to disallow such fees for attorneys who are *pro se* litigants).

## POINT III

### DEBTORS FAIL TO SHOW THAT NO GENUINE ISSUE EXISTS AS TO MATERIAL FACTS THEY ALLEGED

Debtor Rudolf J.O. Ernst submitted an affidavit that raises a host of factual questions. Carey disputes debtors' allegations of Carey misconduct and reserves his right to address each

---

[9]    Pursuant to 42 U.S.C. § 1988, in any action to enforce the provisions of 42 U.S.C. §§ 1981a (intentional discrimination in employment and violations of the Americans With Disability Act), 1982 (property rights of American citizens), 1983 (deprivation of certain civil rights), 1985 (conspiracy to interfere with civil rights), and 1986 (action for neglect to prevent violation of rights), among others, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of its costs.

[10]    The proper citation to this case is <u>BD ex rel. Jean Doe v. DeBuono</u>, 193 F.R.D. 117 (S.D.N.Y. 2000).

-17-

allegation at the Court's request and at the evidentiary hearing. (See e.g., NPC Aff ¶ 13).

Debtors' Rule 7056-1(b) Statement of Undisputed Facts does not claim that such allegations are undisputed, and debtors do not base their motion on such allegations. The affidavit is simply another of debtors' improper attempts to inject irrelevant, misleading hyperbole into this proceeding where it serves no legitimate purpose. (Warner, 877 F.2d at 1128).

### CONCLUSION

Debtors' motion for summary judgment should be denied.

Dated:  January 24, 2007
        New York, New York

                        Respectfully Submitted,

                        CAREY & ASSOCIATES LLC


                        By: /s/ MICHAEL Q. CAREY
                             Michael Q. Carey (MC 1802)
                        Attorneys for Michael Q. Carey,
                        d/b/a Carey & Associates
                        521 Fifth Avenue, Suite 3300
                        New York, NY 10175-3399
                        Tel: 212-758-0076
                        Fax: 212-758-0069

Of Counsel:
        Natasha P. Concepcion