Exhibit 10

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____ **JANE S. SOLOMON** _____    PART **55**

Index Number : 110972/2004

## JEFFREY WEEN ATTORNEY AT LAW

vs

## DOW, PATRICIA

Sequence Number : 001

## SUMMARY JUDGMENT

| | |
|---|---|
| INDEX NO. | |
| MOTION DATE | 6/20/05 |
| MOTION SEQ. NO. | 001 |
| MOTION CAL. NO. | |

The following papers, numbered 1 to _10_ were read on this motion to/for _____

<table>
<tr><td></td><td>PAPERS NUMBERED</td></tr>
<tr><td>Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...</td><td>1-4</td></tr>
<tr><td>Answering Affidavits — Exhibits</td><td>5-7</td></tr>
<tr><td>Replying Affidavits</td><td>8-10</td></tr>
</table>

**Cross-Motion:**  ☒ **Yes**   ☐ **No**

Upon the foregoing papers, it is ordered that this motion is decided in accordance with the annexed memorandum decision and order.

Note: August 22, 2005 @ noon preliminary conference set at end of decision.

**FILED**

JUL 29 2005

NEW YORK
COUNTY CLERKS OFFICE

JANE S. SOLOMON

_____
J.S.C.

Dated: **7-22-05**

**Check one:**  ☐ **FINAL DISPOSITION**   ☒ **NON-FINAL DISPOSITION**

**Check if appropriate:**  ☐ **DO NOT POST**   ☐ **REFERENCE**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 55
------------------------------------X
JEFFREY WEEN, ATTORNEY-AT-LAW d/b/a
JEFFREY WEEN & ASSOCIATES,
```

                    Plaintiff,

                                        INDEX NO. 110972/04

          -against-
                                        DECISION AND ORDER

PATRICIA DOW,

                    Defendant.
```
------------------------------------X
```
JANE S. SOLOMON, J:

          In this action brought by an attorney to collect legal

fees from his former client, plaintiff Jeffrey Ween ("Ween") moves

for partial summary judgment on his second cause of action seeking

recovery on an account stated, and his fourth cause of action for

attorney's fees he incurred in bringing this action.  Defendant

Patricia Dow ("Dow") cross-moves for partial summary judgment

dismissing Ween's attorney's fees claim.  For the reasons set forth

below, both motions are denied.


                            BACKGROUND

          At all relevant times, Dow owned two cooperative loft

apartments in Manhattan.  One was her primary residence; she rents

the other as an investment property.  In September 1998, Dow

retained Ween to represent her in a dispute with the cooperative's

Board.  She wanted approval of a sublease of her investment

apartment; abatement of noise, vibration and fumes that she claimed

                               1

rose into her apartment from a garage and carpentry shop on the
first floor of the building; and, last, that the cooperative fix
water damage due to a leak from a floor above.  After Ween
recommended that Dow withhold her maintenance payments, he also
represented her in the ensuing nonpayment proceedings.

Dow signed Ween's form retainer agreement ("the
Agreement"), and paid a $2,000 retainer.  The Agreement provided
that "[u]pon exhaustion of the retainer, [the] law firm's services
shall continue to be billed on an hourly basis and [the] client
shall receive monthly statements for [the] law firm's services,"
and that bills were payable upon receipt, with interest chargeable
at one percent per month for any bill unpaid for thirty days.
Significantly, it also entitles Ween to recover attorney's fees in
any collection action he brought.

Ween represented Dow continuously between September
1998 and March 2003.  During this period, he sent monthly
invoices, and Dow regularly remitted partial payments through the
end of 2002, when it appears she stopped paying altogether.  By
that point, nearly $50,000 had been paid.  Ween contends that he
still was owed approximately $75,000 at May 5, 2004.

Dow contends that she repeatedly objected to
Ween's charges, by letter and in person, but continued to make
payments only because Ween convinced her that she would not be able
to secure other counsel until she paid him in full.  In support,

2

she submits her letter to Ween dated August 8, 2001, in which she
objects to Ween's billing, questions the honesty of his charges,
and asks why the matter was not yet resolved, to which Ween
responds that he never received it.  Dow also says that she had
friends accompany her to Ween's office to support her objections
because Ween was "verbally abusive, cursing, throwing wild temper
tantrums and turning purple with rage when the subject was raised."

        Dow also argues that Ween's representation was
subpar, and that she was unreasonably charged for mistakes made by
Ween and his associate, including repetitive motions and frivolous
actions.  Her papers set forth a persuasively detailed description
of these alleged matters, and argue that the matter was prolonged
only because of the poor quality of Ween's legal services, not
because it was "protracted and complex," as Ween says it was.  Dow
contends that had she known of Ween's mistakes, she would have
explicitly objected to payment of legal fees for them.

        In the event, Dow settled with the cooperative
in writing.  It agreed to fix the noise and odor problems, and
Dow agreed to pay more than $60,000 in rent arrears, net of a
$16,000 offset.  (Why the proprietary lessee of a cooperative
apartment paid rent is unclear from the parties submissions.)  No
resolution of her water damages claim, maintenance arrears or
sublease claims was described in the settlement.

                              3

## DISCUSSION

Ween argues that he is entitled to summary judgment because Dow retained his bills without timely objection, and any objection she may have made was insufficiently specific, all of which Dow denies. Dow cross-moves for summary judgment dismissing the fees on fees claim as against public policy.

"An account stated is an agreement between the parties to an account based upon prior transactions between them with respect to the correctness of the separate items composing the account and the balance due, if any, in favor of one party or the other." Chisholm-Ryder Co. v. Sommer & Sommer, 70 A.D.2d 429, 431 (4th Dept. 1979). In this regard, "receipt and retention of plaintiff's accounts, without objection within a reasonable time, and agreement to pay a portion of the indebtedness, [gives] rise to an actionable account stated, thereby entitling [a] plaintiff to summary judgment in [his] favor." Rosenman, Colin, Freund, Lewis & Cohen v. Edelman, 160 A.D.2d 626 (1st Dept. 1990), lv denied 77 N.Y.2d 802. An attorney may contract with his client on the cost of past or future legal services, and an account stated may exist between them. Chisholm-Ryder, supra. It generally is not necessary to establish the reasonableness of the attorney's fees, as courts construe the client's act of holding the invoices without objecting within a reasonable time as acquiescence to their correctness.

4

O'Connell & Aronowitz v. Gullo, 229 A.D.2d 637, 638 (3d Dept.
1996), citing Chisholm Ryder, supra.

    In support of his motion, Ween relies upon several cases
in which attorneys prevailed where the client retained invoices
without objection or made partial payments on those invoices. See,
e.g., Fink, Weinberger, Fredman, Berman, & Lowell, P.C. v.
Petrides, 80 A.D.2d 781 (1st Dept. 1981); O'Connell & Aronowitz v.
Gullo, 229 A.D.2d 637 (3d Dept. 1996). Specifically, he contends
that Morrison, Cohen, Singer & Weinstein LLP v. Waters controls
here. 13 A.D.3d 51 (1st Dept. 2004). In that case, the First
Department reaffirmed its judgment that partial payments themselves
can establish an account stated. While Dow did make partial
payment on Ween's invoices, Morrison, supra, and the other cases he
cites are all readily distinguishable insofar as in none of them
did the client object prior to initiation of a collection action.

    Here there is sufficient evidence to defeat summary
judgment. "Evidence of an oral objection to an account rendered
is sufficient on a motion for summary judgment to rebut any
inference of an implied agreement to pay the stated amount."
Diamond & Golomb v. D'Arc, 140 A.D.2d 183, 183 (1st Dept. 1988),
quoting Sandvoss v. Dunkelberger, 112 A.D.2d 278, 279 (2d Dept.
1985). While conclusory claims of oral objections are not
sufficient to satisfy a defendant's burden, Dow's description of
her objections are sufficient to establish a factual issue

5

precluding summary judgment on Ween's behalf.  See Marcus Borg
Rosenberg & Diamond v. Gilbert, Segall and Young, LLC, 248 A.D.2d
279 (1st Dept. 1998); Kaye, Scholer, Fierman, Hays & Handler v.
L.B. Russell Chemicals, Inc., 246 A.D.2d 479 (1st Dept. 1998)

      Dow's objections to the quality of Ween's services and
her detailed description thereof also is sufficient to establish
triable issues of fact as to the reasonableness of Ween's fees.
See Sand v. Lammers, 150 A.D.2d 355, 356 (2d Dept. 1989).  See also
the recent comments of this Department in Solow Management Corp v.
Tanger, __A.D.3d__ (1st Dept. June 21, 2005).  Moreover, Dow's
unrebutted assertion that she only made partial payment on Ween's
bills because he convinced her that she could not retain other
counsel without first paying him supports a finding of a fact
dispute over the reasonableness of Ween's fees.  The burden is cast
"on attorneys who have drafted...retainer agreements to
show...[they] are fair, reasonable, and fully known and understood
by their clients" and that there was no fraud, mistake, undue
influence or exploitation of the client's confidence.  Mar Oil v.
Morrissey, 829 F.2d 830 (2d Cir. 1993).  Dow has adequately raised
this issue here.

      The issue also informs a conclusion that the parties'
motions on the fees on fees issue is premature.  Ween has not yet
shown that he is entitled to recover at all, and Dow does not

6

offered any evidence that New York frowns upon such clauses in attorney collection cases.

Accordingly, it is hereby

ORDERED that the plaintiff's motion and defendant's cross-motion are denied; and it further is

ORDERED that the parties are to appear for a preliminary conference at Part 55, 60 Centre Street, Room 432, New York, New York, at 12 noon on August 22, 2005.


Dated: July 22 2005

ENTER:

_____
J.S.C

JANE S. SOLOMON


FILED

JUL 2 9 2005

NEW YORK
COUNTY CLERK'S OFFICE

7