Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
CAREY & ASSOCIATES,

                  Plaintiff,

       -against-                                    Index No. 604000/98

RUDOLPH JOHANN OTHMAR ERNST,
ANGELIKA ERNST and RUDI ERNST,

                  Defendants.
-------------------------------------------------------------X

FILED
MAR 26 2004
COUNTY CLERK'S OFFICE
NEW YORK

**DeGrasse, J.:**

    Motion sequence nos. 012 and 013 are consolidated. Plaintiff moves for summary judgment granting the relief prayed for in the complaint and dismissing defendants' affirmative defenses and counterclaims. Defendants cross-move for summary judgment and by separate motion seek an adjournment of the hearing date of plaintiff's motion. Plaintiff, a law firm, sues to recover a balance of $72,274.14 plus attorneys' fees and collection costs allegedly due under a written retainer agreement. Plaintiff represented defendant Rudolph Johann Othmar Ernst ("RJO") from December 1997 through July 1998 in an international extradition proceeding then pending in the United States District Court for the Southern District of New York. RJO and his wife, defendant Angelika Ernst ("Angelika"), have paid plaintiff $154,765.64 of $227,039.78 billed under the agreement. The representation ended either when RJO was extradited or when the district court granted plaintiff's motion for leave to withdraw as RJO's counsel. In any event, it is not claimed that plaintiff was discharged by its client. The retainer agreement, signed by RJO and Angelika contains a provision by which both agree to pay all sums due thereunder. The first three causes of action are alleged against RJO and Angelika and based upon theories of contract, quantum

03/29/2004    17:01    AMERICAN-CLERICAL-SERVICE → 12127580069                              NO.896    D05

merit and account stated. The fourth is alleged against defendant Rudi Ernst, Jr. ("Rudi") and based upon his alleged oral promise to pay the sums due under the retainer agreement. RJO and Angelika have counterclaimed for breach of fiduciary duty, fraud and reciprocal enforcement of the agreement's attorneys' fees provision.

The account stated cause of action is based upon bills sent by plaintiff to RJO and Angelika. RJO admitted that the bills went to Angelika while he was incarcerated at the Metropolitan Correctional Center (Tr. 46). Angelika admitted the same at her deposition (Tr. 49). RJO and Angelika make no claim that they objected to the bills at any time before this action was commenced. Their receipt and retention of plaintiff's bills, without objection within a reasonable time, coupled with the payment of a portion of the indebtedness gives rise to an account stated entitling plaintiff to summary judgment thereon (see *Shea & Gould v Burr*, 194 AD2d 369, 370-371). RJO and Angelika assert that the pendency of their breach of fiduciary duty counterclaim precludes summary judgment on the account stated cause of action. Defendants, who do not claim to be attorneys, claim that plaintiff breached its fiduciary duty to defendants by making unnecessary and frivolous applications to the court causing defendants' legal expenses to mount. Magistrate Judge Henry B. Pitman rendered three opinions in the extradition proceeding (*Matter of Ernst*, 1998 WL 51130 [Feb. 5, 1998]; 1998 WL 167324 [Apr. 9, 1998] and 1998 WL 395267 [July 14, 1998]). The opinions address motions for orders dismissing the amended extradition complaint and granting discovery. The opinions show that plaintiff's advocacy, which encompassed more than the bail applications defendants complain of, was never found by the

court to be "frivolous."[1] RJO testified at his deposition that he was dissatisfied with plaintiff's services "because the result was not there" (Tr. 58). He qualified the answer by stating that plaintiff "missed the point" at times (Tr. 59). The missed points have not been detailed anywhere else in RJO's deposition or the rest of the papers before this court. In any event, RJO encouraged plaintiff to continue working on his behalf (Tr. 56). Angelika also testified that she and RJO stopped paying plaintiff's fees simply because they ran out of money (Tr. 65). Based upon the foregoing, defendants have failed to show any factual basis for their breach of fiduciary duty counterclaim. Plaintiff is, therefore entitled to a dismissal of the said counterclaim as well as judgment on the contract and account stated causes of action. Plaintiff's recovery on the contract claim requires dismissal of the quantum meruit claim. The existence of a valid and enforceable written contract governing a particular subject precludes recovery in quantum meruit for events arising out of the same subject matter (*Clark-Fitzpatrick v Long Is. R. R. Co.*, 70 NY2d 382, 388). The claim based upon Rudi's alleged oral promise to pay RJO's legal fees also not viable. A special promise to answer for the debt of another is unenforceable unless in writing (General Obligations Law § 5-701 [a]).

By their second counterclaim defendants seek punitive damages based upon plaintiff's imposition of a retaining lien on its file. An attorney has a common-law retaining lien on the papers in his or her possession which must be respected unless and until it has been judicially determined that the attorney was discharged for cause under circumstances in which no

---

[1] The court notes parenthetically that following entry of the order of extradition, a habeas corpus petition was filed on RJO's behalf by Frederick H. Cohn, Esq., the attorney who represented RJO and Rudi at their depositions. In dismissing the petition, the district court noted that RJO's argument had been "consistently rejected" by the courts (*Matter of Ernst v Hasty*, ___ F Supp ___, 1998 WL 788789 [SDNY]).

3

fees are recoverable (*Artim v Artim*, 109 AD2d 811). As noted above, plaintiff was not discharged by its client. Therefore, the second counterclaim is not viable. The third counterclaim lacks merit because the agreement does not provide for the payment of attorneys' fees to defendants.

For the foregoing reasons plaintiff's motion is granted with respect to the first (contract) and third (account stated) causes of action. Defendants' cross motion is granted to the extent that the second and fourth causes of action are dismissed. Defendants' motion for an adjournment of the hearing date of plaintiff's motion is granted. The Clerk shall enter judgment in favor of plaintiff against defendants Rudolph Johann Othmar Ernst and Angelika Ernst in the sum of $72,274.14 plus interest from July 31, 1998, costs and disbursements. The Clerk shall also enter judgment dismissing defendants' counterclaims and plaintiff's claims against defendant Rudi Ernst. Plaintiff's claim for collection costs recoverable under the agreement is severed for an assessment of damages which shall be conducted on the scheduled trial date.

Dated: March 19, 2004

_____
J. S. C.

FILED
MAR 26 2004
COUNTY CLERK'S OFFICE
NEW YORK