Exhibit 5

JOSEPH L. FOX, ESQ. (JF2313)　　　　　　　　　　Return Date: February 15, 2007
Attorneys for Rudolf Ernst and　　　　　　　　　　Time:　　　　4:00 p.m
　　　Angelika Ernst, Debtors
60 East 42nd Street, Suite 2231
New York, New York 10165
(212) 949-8300

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

RUDOLF J.O. ERNST and　　　　　　　　　　　　Chapter 13
ANGELIKA L. ERNST,　　　　　　　　　　　　　Case No. 04-12291-JMP

　　　　　　　　Debtors.
------------------------------------------------------------X

## MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

Debtors, Rudolf Ernst and Angelika Ernst, by their attorney, Joseph L. Fox, Esq., submit this memorandum of law in support of their motion for summary judgment for an order and judgment disallowing, dismissing and expunging Amended Claim No. 9-2 filed on October 16, 2006 by Michael Q. Carey d/b/a Carey & Associates (the "Amended Claim"), except to the extent that the Court has already allowed so much of the Amended Claim which derives from a prior State Court judgment in the amount of $72,274.14 (the "State Court Judgment"), plus interest at the rate of 9% per annum from July 28, 1998 until the date of the filing of the petition, which judgment relates to fees earned by Carey while he represented debtor, Rudolf Ernst, between December 30, 1997 and July 28, 1998.

The balance of the Amended Claim, consists of Carey's assertion of his alleged rights under a certain Retainer Agreement wherein he reserved unto himself the right to recover his collection fees, which, by the date of the filing, some ten days after entry of the judgment, had ballooned to $205,670.69 (the "Collection Fees"). Carey also asserts that he is entitled to interest

on the Collection Fees in the amount of $34,522.82, for a total, exclusive of the State Court Judgment, in the amount of $240,193.51.

Previously, Debtors had objected to Carey's original proof of claim filed on July 27, 2004. See Docket Entry 18 and to Carey's application for fees. See Docket Entry No. 47. By order of the Bankruptcy Court dated February 22, 2005, the Honorable Cornelius Blackshear allowed Carey's claim to the extent of the State Court Judgment and denied, in its entirety, the claim for Collection Fees.

By Opinion and Order of the Honorable Robert P. Patterson, the District Court remanded the matter to the Bankruptcy Court for "a determination of what fees and disbursements, if any, should be allowed as contemplated by 11 U.S.C. §502(b)." Emphasis added. See Opinion and Order in the matter of Michael Q. Care d/b/a Carey and Associates v. Rudolf J.O. Ernst and Angelika Ernst, 05-Civ-03958, 05 Civ-03332 and 05-Civ-03959, (Patterson, J.) Attached as Ernst Affidavit Exhibit H at p. 9.

Since the decision of Judge Patterson was rendered, a determination was made under "applicable local law" by the controlling appellate court for the district where the action accrued, that such retainer agreements were not entitled to judicial sanction and therefore not enforceable. See Ween v. Dow 822 N.Y.S. 2d 257 (App. Div. 1st Dept. 2006).

**RELIEF REQUESTED**

Since there is no genuine issue as to any material fact and the applicable law in this jurisdiction is clear, pursuant to §502(b)(1) of the Bankruptcy Code, 28 U.S.C. §1652 and Rules 3007, 7004, 7056 and 9014 of the Federal Rules of Bankruptcy Procedure and for the grounds set forth herein, Debtors respectfully request that the Amended Proof of Claim should be disallowed, dismissed and expunged as a matter of law, to the extent it asserts a claim for Collection Fees and any interest related thereto.

In addition, judgment should be entered disallowing any claim for interest on the State Judgment amount in excess of 9% per annum and any interest at all on the Collection Fees.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. §157(a) and §1334(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B).

Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

This dispositive motion seeks a judgment and order disallowing, dismissing and expunging the Amended Proof of Claim and is brought pursuant to §502, including, but not limited to, §502(b)(1) of the Bankruptcy Code, 28 U.S.C. §1652 and Rules 3007, 7004, 7056 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## STATEMENT OF FACTS

Debtors refer the Court to the accompanying Affidavit in Support of Rudolf Ernst and the Affirmation in Support of Joseph L. Fox in support of this motion which sets forth, in detail, the facts herein, as well as the Statement of Undisputed Facts submitted in compliance with Rule 7056-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules")..

Mr. Ernst's Affidavit lays out, in full detail, the relevant dealings between Carey and the Debtors and their family, both in the representation of Mr. Ernst and in Carey's collection effort.

In brief, Michael Carey was retained by Mr. Ernst, a debtor herein, to represent him in a certain foreign extradition proceeding. Carey presented what turned out to be an overreaching, one-sided retainer agreement with Debtor which included interest on outstanding fees in the amount of 12% per annum, compounded monthly, and an entitlement to all collection fees. The Retainer Agreement is annexed to the Ernst Affidavit as Exhibit B. Though Carey presented the Retainer Agreement to Mr. Ernst while he was incarcerated, each of the Debtors signed as

3

parties to the Retainer Agreement agreeing to be jointly and severally liable thereunder. (See Affidavit of Rudolf J.O. Ernst dated January 17, 2007 the "Ernst Affidavit" at P. 7)

During the course of the representation, which lasted between December 30, 1997 and July 28, 1998, Carey generated legal fees in the amount of $227,039 of which the Debtors paid Carey $154,765.64, leaving a balance of $72,274.14. Although Mr. Ernst tried to settle the balance with Mr. Carey prior to the commencement of the action, see Ernst Affidavit ¶ 11, Carey nonetheless commenced a collection action against the Debtors on August 13, 1998, before he was even relieved as counsel for Mr. Ernst. The action was entitled <u>Carey & Associates v. Rudolf Johann Othmar Ernst, Angelika Ernst and Rudi Ernst,</u> Supreme Court, New York County, Index No. 60400 (the "State Court Action"). In the State Court Action, Carey alleged the balance due for his legal fees related to his representation of Mr. Ernst in the amount of $72,274.14. Carey also asserted claims under the Retainer Agreement for interest at the rate of 12% per annum, compounded monthly, and all of his collection costs and fees (the "Collection Fees") (See Ernst Affidavit Exhibit B, the Retainer Agreement at pages 4-5). In addition, he asserted a claim against Rudi Ernst, Jr., the son of the Debtors, based upon an alleged oral, personal guarantee.

After almost six years, Carey obtained a judgment against the Debtors in State Court in the amount of $72,274.14 based upon breach of contract and an account stated. The Collection Fees portion was severed for a separate assessment of damages and summary judgment was granted to Rudi Ernst, Jr. dismissing the claim against him. See Decision and Order of the Hon. Leland DeGrasse dated March 19, 2004 and entered March 24, 2004 a true copy of which is attached to the Ernst Affidavit as Exhibit D.

On April 5, 2004 the Debtors filed the instant Chapter 13 proceeding.

Thereafter, Carey filed Proof of Claim No. 9 on July 27, 2004 alleging the State Court Judgment Amount and the Collection Fees as being due and payable from the Debtors. (the

4

"Proof of Claim"). Carey tried to have the stay lifted to have the State Court determine the Collection Fees, but that motion was denied. See Docket Entry 32.

Pursuant to §502 of the Bankruptcy Code and Bankruptcy Rule 3007, Debtors objected to the Proof of Claim (See Docket Entry No. 18, which included the Objection to Claim, exhibits and memorandum of law.)

Pursuant to a direction of the Bankruptcy Court consistent with its powers under §§105 and 502(b) of the Bankruptcy Code, Carey submitted a Fee Application in further support of his claim for Collection Fees.

Debtors opposed Carey's application for attorneys' fees as more fully contained in Docket Entry No. 47.

By Opinion signed on February 22, 2005, Judge Blackshear permitted the State Court Judgment Amount, together with interest at the rate of 9% per annum, but summarily denied all Collection Fees for the reasons stated in the opinion. See Docket Entry Nos. 50 and 58.

By Notice of Appeal filed March 3, 2005, and the Amended Notice of Appeal dated March 17, 2005, Carey appealed the decision of the Bankruptcy Court. See Docket Entry No. 57.

By Opinion and Order of the Honorable Robert P. Patterson, the District Court remanded the matter to the Bankruptcy Court for "a determination of what fees and disbursements, if any, should be allowed as contemplated by 11 U.S.C. §502(b)." Emphasis added. See Michael Q. Carey d/b/a Carey and Associates v. Rudolf J.O. Ernst and Angelika Ernst, 05-Civ-03958, 05 Civ-03332 and 05-Civ-03959, attached as Exhibit H at p. 9.

This matter had been set for a hearing on February 15, 2007 upon the objection to claim and Carey's fee application.

However, a recent decision was entered by the Appellate Division, First Department, which encompasses the situs of all aspects of this case which determined that retainer

5

agreements, such as the Retainer Agreement in this case are void as against public policy and unenforceable. See Ween v. Dow 802 N.Y.S. 2d 257 (App. Div. 1st Dept. 2006).

A ruling in favor of the Debtors on this motion would be dispositive of all outstanding issues in the case.

Pursuant Rule 7056-1 of the Local Bankruptcy Rules on January 4, 2007 a pre-motion conference was held in anticipation of the bringing of the motion. Carey expressed no objection to the bringing of this motion and the Court, having been apprised of the basis upon which this motion would be brought, allowed the motion to be filed. The Court set the previously scheduled hearing date on the fee application to instead be reserved for oral argument upon the motion.

The Retainer Agreement was submitted to Debtors and signed in New York County, and the legal services retained thereunder were all performed within that county which is within the jurisdiction of the Appellate Division, First Department. In fact, all matters that have occurred between the parties, including the residence of the debtors, the principal place of business of Carey, the Federal District Court where the extradition proceeding occurred and the court wherein Carey sought enforcement of his rights under the Retainer Agreement, all occurred within the jurisdiction of the Appellate Division, First Department. See Ernst Affidavit ¶ 8, 52.

Accordingly, and pursuant to §502(b)(1) the Collection Fees alleged by Carey should be disallowed, dismissed and expunged, as a matter of law.

## POINT ONE

### SINCE THE COLLECTION FEES ARE NOT ENFORCEABLE AGAINST THE DEBTORS UNDER APPLICABLE LAW THE BALANCE OF THE AMENDED PROOF OF CLAIM SHOULD BE DISALLOWED, DISMISSED AND EXPUNGED

First, it is respectfully submitted that there are no material facts in dispute for purposes of this motion. See Bankruptcy Rule 7056. The only relevant facts are as follows: the Retainer Agreement was drafted by attorney Carey and was between an attorney and his client; that Carey reserved unto himself the right to Collection Fees and interest at the rate of 12% per annum, compounded monthly; that the Retainer Agreement was signed by the Debtors and Carey (see Ernst Affidavit P. 8).

Section 502(b) of the Bankruptcy Code provides that upon an objection to a filed claim, the Bankruptcy Court shall determine the extent to which a claim shall be allowed. Section 502(b)(1) states that such claim shall be allowed, "except to the extent -- that such claim is unenforceable against the debtor… under any agreement <u>or applicable law</u>…." See §502(b)(1) of the Bankruptcy Code. Emphasis added.

28 U.S.C. §1652 provides: "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as ruled of decision in civil actions in the Court of the United States, in cases where they apply."

Construction, validity and effect of private contracts are governed by the place where they were made and to be performed. <u>Brine v. Insurance Co.</u> 96 U.S. 627 (1878). Moreover, States have a substantial interest in regulating transactions between attorneys and their clients. See <u>Glazer v. J.C. Bradford & Co.</u>, 616 F.2d 167 (5th Cir. 1980).

"[W]ith regard to attorney fee arrangements, the [state] courts, as a matter of public policy, give particular scrutiny to the reasonableness of the fee arrangements between attorneys and clients pursuant to their interest in, and statutory power, to regulate the practice of law (King v. Fox, 7 N.Y. 3d 181 (2006); Matter of First National Bank of Islip v. Brower 42 N.Y. 2d 471 (1977)." See Ween v. Dow at P. 5.

The Appellate Division, First Department, which is the controlling appellate department for cases arising in New York County, recently determined that a retainer agreement which provides a right to collection fees by the attorney, without a reciprocal allowance for attorneys' fees should the client prevail, to be fundamentally unfair and unreasonable. See Ween at P. 6. The appellate court concluded, that "such a provision is not entitled to judicial sanction and is, therefore, unenforceable." Id. The First Department, in rendering its decision, quoted Sir Francis Bacon in saying "[t]he greatest trust between man and man, is the trust of giving counsel. For in other confidences, men commit parts of their life; their land, their goods, their children, their credit, some particular affair: But to such, as they make their counselors, they commit the whole; By how much the more, they are obligated to all faith and integrity." (citations omitted). Id at P. 5

It is clear after reviewing the Ernst Affidavit and the Debtors Response to Carey's First Set of Interrogatories (See Ernst Affidavit Exhibits I, J, K and L) that it was the intention of Carey to utilize the terms he reserved unto himself in the Retainer Agreement to drive up the Collection Fees.

Consistent with the State's duty to regulate relations between an attorney and his client and insomuch as the decision of the Appellate Division, First Department is binding on cases arising in that Department, it is respectfully submitted that this Retainer Agreement, to the extent it seeks Collection Fees, should not be enforced.

The purpose of granting attorneys fees, whether by contract or by statute, is to assure that a recovery is not diminished by legal fees. It is not intended as a profit center. *In re Jones* 83 B.R. 765 (Bankr. Oregon 1988).

This decision is not inconsistent with the treatment of collection fees in other cases. When legal fees are authorized by statute, a *pro se*, attorney/ plaintiff is not entitled to fees for services he rendered for his own benefit. <u>Kay v. Ehrler</u> 499 U.S. 432 (1991). A *pro se* plaintiff would be deterred from hiring counsel with the knowledge that he could enrich himself by recovering attorney's fees. <u>Dubuono v. Kaplan</u> 193 F.R.D. 117 (S.D.N.Y. 2000).

The overwhelming majority of the U.S. Circuits do not allow attorneys' fees to a party that did not use an attorney. <u>In re Emergency Beacon Corporation</u> 27 B.R. 757, 766 (Bankr. S.D.N.Y. 1983).

In <u>Emergency Beacon Corp.</u> Judge Schwartzberg went on to discuss the observation of another court that self representation does not foster the detached objective perspective that an attorney can provide as a check against unnecessary or groundless litigation. <u>Emergency Beacon Corp.</u> at p. 767. The point is made crystal clear here where Carey sought to obtain judgment on an oral personal guarantee in contravention to New York State's Statute of Frauds (NYS Gen. Oblig. Law §507-1); seeking to amend a complaint to allege a fraudulent transfer affecting real property in another state; utilizing post judgment collection devices before a judgment is even entered. See Ernst Affidavit ¶ 48 a-h.

As in this case, the <u>Ween</u> case involved a retainer agreement between an attorney and client whereby the attorney retained exclusively unto himself the right to recover attorneys' fees in connection with a collection action for his earned legal fees and it also provided the accrual of interest at the rate of 12% compounded monthly. In fact, the retainer agreement in the <u>Ween</u> case was signed within several months of the signing of the Retainer Agreement in this case. See <u>Ween</u> at P. 2.

The facts here are hardly distinguishable from those in the Ween case, except to the extent that in Ween the attorney was not entitled to summary judgment on an account stated and here Mr. Carey was. Notwithstanding that he could have moved soon after issue was joined to obtain his judgment, Carey improperly sought to use this provision in the Retainer Agreement to unnecessarily and unreasonably ramp up the Collection Fees by pursuing several unnecessary, unreasonable and in fact, frivolous claims. See above.

Accordingly, pursuant to 11 U.S.C. §502(b)(1) and in light of the decision entered in Ween v. Dow, the Amended Claim, to the extent it seeks Collection Fees, should be disallowed, dismissed and expunged.

### POINT TWO

### A *PRO SE* ATTORNEY SHOULD NOT BE PERMITTED ATTORNEYS' FEES AS COLLECTION COSTS UNDER THE RETAINER AGREEMENT

In this case Carey has seriously abused his position as an attorney to drive up the fees allegedly owed by the Debtors as "Collection Fees" pursuant to the Retainer Agreement. This case points out the unique opportunity of a lawyer to take advantage of a "captive client" and assert outrageous claims for unreasonable and unnecessary proceedings, for which he had to expend only his time. It is at no risk to the attorney.

If Carey had to pay for bringing unreasonable and unnecessary proceedings would he bring them? In his collection efforts, would he pursue Rudi Ernst on the basis of an oral promise to guaranty the debt of another-when it is black letter in New York that a promise to answer for the debt, default or miscarriage of another person must be in writing. NY General Obligations Law §5-701? Would Carey commence an action in New York to avoid the sale of property in Virginia? See CPLR 5301 which requires that actions involving real property take place in the

county where the property is located[1]. Would he try to amend his complaint to try to obtain a prior restraint against a non-debtor, Rudi, of property located in another state, before he even has been found liable?

It is respectfully submitted that if these endeavors were to be paid for by the claimant they would never have been taken. The only reason they are taken and continue to be taken is because Carey believes he will be paid for every minute spent on these unreasonable and unnecessary proceedings.

As noted in the cases cited in Point One above, see, Kay v. Ehrler 499 U.S. 432 (1991), Dubuono v. Kaplan 193 F.R.D. 117 (S.D.N.Y. 2000) and In re Emergency Beacon Corporation 27 B.R. 757, 766 (Bankr. S.D.N.Y. 1983), there is a clear concern even when the *pro se* litigant is an attorney.

Here the attorney has used his "captive client" to generate unreasonable attorneys fees in the approximate sum of $200,000, to collect a debt of $72,000, knowing that his effort will cause the outstanding balance to accrue interest at the rate of 12% per annum, compounded monthly. It is respectfully submitted that as the litigant, Carey is not entitled to legal fees incurred by himself or his firm.

---

[1] By its Order dated November 4, 2002 the State Court denied the application because it ruled that "Real Property is exclusively subject to the laws and jurisdiction of the courts of the nation or a state in which it is located (see Johnson v. Dunbar 114 N.Y.S. 2d 845 *aff'd* 282 App Div 720 *aff'd* 306 N.Y. 697)." See Ernst Affidavit Exhibit M.

11

## CONCLUSION

For the foregoing reasons, Debtors respectfully request that Amended Claim number 9-2 filed by Michael Q. Carey and Carey & Associates, be disallowed to the extent it seeks Collection Fees and any interest other than interest at the rate of 9% per annum on the State Court Judgment, together with such other and further judgment as this Court deems just and proper.

Dated: New York New York
      January 17, 2007

Joseph L. Fox, Esq.
Attorney for Rudolf J.O. Ernst and
    Angelika Ernst, Debtors

By:   s/_____
      Joseph L. Fox, Esq. (JF2313)
      60 East 42nd Street
      New York, New York 10165
      (212) 949-8300

To:   Carey & Associates
      521 Fifth Avenue, Suite 3300
      New York, New York 10175-3399

      Jeffrey L. Sapir, Esq.
      Chapter 13 Trustee
      399 Knollwood Road
      White Plains, New York 10603

      Office of the United States Trustee
      33 Whitehall Street
      New York, New York 10004