Exhibit 7

**CAREY & ASSOCIATES LLC**
Attorneys for Michael Q. Carey,
d/b/a Carey & Associates
521 Fifth Avenue, Suite 3300
New York, NY 10175-3399
Tel: 212-758-0076
Fax: 212-758-0069
Michael Q. Carey (MC 1802)
Natasha P. Concepcion (NC 1481)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

In re:                              Chapter 13

RUDOLF J.O. ERNST and ANGELIKA L.    Case No. 04-12291-JMP
ERNST,

                      Debtors.
------------------------------------X

### SUR-REPLY MEMORANDUM OF LAW

(in Opposition to Debtors' Motion for Summary Judgment)

CAREY & ASSOCIATES LLC
Attorneys for Michael Q. Carey,
d/b/a Carey & Associates
521 Fifth Avenue, Suite 3300
New York, NY 10175-3399
Tel: 212-758-0076
Fax: 212-758-0069

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................... II

   A.   CASES ...................................................... II

   B.   STATUTES .................................................. II

PRELIMINARY STATEMENT .............................................. 1

PROCEDURAL FACTS ................................................... 1

ARGUMENT ........................................................... 1

POINT I ............................................................ 1

THIS COURT DOES NOT HAVE UNFETTERED DISCRETION TO DENY CAREY'S
FEE APPLICATION WITHOUT A HEARING .................................. 1

   A.   DISMISSAL OF CAREY'S FEE APPLICATION UNDER 11 U.S.C. §
      502(b)(1) IS NOT WARRANTED .................................. 2

   B.   DISMISSAL OF CAREY'S FEE APPLICATION UNDER 11 U.S.C. §
      502(B)(4) IS NOT WARRANTED .................................. 3

POINT II ........................................................... 5

THE SUPREME COURT GRANTED CAREY SUMMARY JUDGMENT ON HIS CONTRACT
CLAIM FOR COLLECTION FEES .......................................... 5

POINT III .......................................................... 15

THE DECISION OF THE SUPREME COURT IN THE CAREY COLLECTION CASE
IS A FINAL NON-APPEALABLE DECISION ................................. 15

   A.   CAREY'S NOTICE OF ENTRY WAS EFFECTIVE AGAINST DEBTORS AND
      THE DECISION IS A FINAL NON-APPEALABLE DECISION ............. 15

   B.   DEBTORS WAIVED THEIR RIGHT TO CHALLENGE THE SUPREME COURT
      DECISION .................................................... 18

   C.   WEEN IS NOT CONTROLLING PRECEDENT .......................... 20

CONCLUSION ......................................................... 20

– i –

**TABLE OF AUTHORITIES**

**A.   CASES**

ERNST HAAS STUDIO, INC. V. PALM PRESS, INC., 164 F.3D 110 (2D CIR.1999) ................................................ 1n2

IN RE 48TH STREET STEAKHOUSE, INC., 835 F.2D 427 (2D CIR. 1987) ... 16

IN RE CLUFF, 313 B.R. 323 (BANKR.D.UTAH 2004) ..................... 2

IN RE KASSOVER, 2001 WL 1204137 (S.D.N.Y. 2001) ................. 19

IN RE MATHIASON, 16 F.3D 234, 238 (8TH CIR. 1994) .............. 19

IN RE NELSON, 206 B.R. 869 (BANKR.N.D.OHIO 1997) ................ 5

IN RE SHAFFNER, 320 B.R. 870 (BANKR.W.D.MICH. 2005) .............. 2

IN RE TAYLOR, 289 B.R. 379 (N.D.IND. 2003) ....................... 2

OSTANO COMMERZANSTALT V. TELEWIDE SYSTEMS, INC., 790 F.2D 206 (2D CIR. 1986) ............................................. 17

POZDNIAKOV V. IMMIGRATION AND NATURALIZATION SERVICE, 354 F.3D 176 (2D CIR. 2003) ......................................... 18

REXNORD HOLDINGS, INC. V. BIDERMANN, 21 F.3D 522 (2D CIR. 1994) .. 16

TRAVELERS CASUALTY AND SURETY CO. OF AMERICA V. PACIFIC GAS AND ELECTRIC CO., 127 S.CT. 1199 (2007) ......................... 4

WATSON V. AMERICAN RED CROSS BLOOD SERVICES, 468 F.SUPP.2D 484 (W.D.N.Y. 2007) ........................................... 11

WEEN V. DOW, 35 A.D.3D 58, 822 N.Y.S.2D 257 (N.Y.A.D. 1ST DEP'T OCT. 5, 2006) ................................... 2, 14n4, 20

**B.   STATUTES**

11 U.S.C. § 101(31) .............................................. 3

11 U.S.C. § 362(a)(1) ........................................ 16, 17

11 U.S.C. § 362(a)(2) ......................................... 18n6

11 U.S.C. § 362(a)(3) ......................................... 18n6

11 U.S.C. § 502(b) ........................................... 2, 4

11 U.S.C. § 502(b)(1) ........................................ 2, 18

11 U.S.C. § 502(b)(4) ........................................ 3, 4

RULE 5513, CIVIL PRACTICE LAW AND RULES ..................... 15, 18

RULE 9075-1, LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK ............................................. 4

**PRELIMINARY STATEMENT**

Creditor Michael Q. Carey, d/b/a Carey & Associates

("**Carey**"), submits this sur-reply memorandum of law in

opposition to debtors' motion for summary judgment, by Notice of

Motion dated January 17, 2007 ("**Ernst Motion**").[1]

**PROCEDURAL FACTS**

At oral argument on the Ernst Motion, on March 15, 2007,

the following new issues were raised either by counsel for

debtors or by the Court.[2] The Court granted Carey leave to file a

sur-reply memorandum to address the new issues raised at the

oral argument. Carey addresses each argument in turn below.

**ARGUMENT**

**POINT I**

**THIS COURT DOES NOT HAVE UNFETTERED**
**DISCRETION TO DENY CAREY'S FEE APPLICATION**
**WITHOUT A HEARING**

The Court posited on March 15, 2007 that it had the

discretion to deny Carey's Fee Application in its entirety "from

the bench", apparently without a hearing. (Tr 35:5-12). The

Court's discretion is not that broad.

This Court's discretion to disallow Carey's fee application

---

[1]    Citations preceded by "**Tr XX:xx**" refer to the page and line numbers of
the transcript of Court proceedings before this Court on March 15, 2007.
    Citations preceded by "**Ernst Aff Ex xx**" refer to the exhibit attached
to the Affidavit of Rudolf J.O. Ernst in Support of Debtors' Motion for
Summary Judgment, sworn to January 17, 2007.
[2]    Issues were raised, by debtors, without supporting papers, for the
first time in their oral argument. Ordinarily, issues not raised in a motion
may not be raised for the first time in reply papers. Cf. Ernst Haas Studio,
Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir.1999).

is limited to the reasons stated in 11 U.S.C. § 502(b). In re
Shaffner, 320 B.R. 870 (Bankr.W.D.Mich. 2005); In re Cluff, 313
B.R. 323 (Bankr.D.Utah 2004); In re Taylor, 289 B.R. 379
(N.D.Ind. 2003).

**A.    DISMISSAL OF CAREY'S FEE APPLICATION UNDER 11 U.S.C. §
        502(b)(1) IS NOT WARRANTED**

The Court has two possible options under 11 U.S.C. §
502(b).

The Court's first option is to act pursuant to 11 U.S.C. §
502(b)(1). 502(b)(1) states that a court shall allow a claim
except to the extent that the:

> …claim is unenforceable against the debtor and property of
> the debtor, under any agreement or applicable law for a
> reason other than because such claim is contingent or
> unmatured.

Debtors' claim that Carey's contract provision (that
required debtors to pay his collection fees) is unenforceable in
light of Ween v. Dow, 35 A.D.3d 58, 822 N.Y.S.2d 257 (N.Y.A.D.
1st Dep't Oct. 5, 2006). Carey relies on the arguments in his
Memorandum of Law in Opposition to Debtors' Motion for Summary
Judgment, Point I(C), dated January 24, 2007, that, among other
points, Ween is not a final decision and cannot be relied upon
by this Court to support a finding that Carey's contract right
to collection fees is unenforceable.

**B.    DISMISSAL OF CAREY'S FEE APPLICATION UNDER 11 U.S.C. § 502(B)(4) IS NOT WARRANTED**

The Court's second option is to act pursuant to 11 U.S.C. § 502(b)(4). 502(b)(4) states that a court shall allow a claim except to the extent that:

> ...such claim is for services of an insider or attorney of the debtor, [or] such claim exceeds the reasonable value of such services.

Carey is not an insider. The Bankruptcy Code defines an insider as:

> (i)   a relative of the debtor or of a general partner of the debtor;
>
> (ii)  a partnership in which the debtor is a general partner;
>
> (iii) a general partner of the debtor; or
>
> (iv)  a corporation of which the debtor is a director, officer, or person in control. 11 U.S.C. § 101(31).

Carey is and was not an "attorney of the debtors", either during this bankruptcy proceeding or pre-petition in the lawsuit in the Supreme Court of the State of New York, New York County ("**Supreme Court**").[3] Carey's Fee Application does not seek attorneys' fees for legal services rendered on behalf of debtors pre-petition. Carey seeks attorneys' fees incurred in a suit

---

[3]    Carey was the attorney for debtor Rudolf J.O. Ernst Sr. in an extradition proceeding in the United States District Court for the Southern District of New York in 1998. ("**Extradition Case**"). Carey was not paid for his services in the Extradition Case, was granted leave to withdraw from representing Ernst Sr., and sued debtors in New York State Supreme Court. ("**Collection Case**"). Carey's claim for attorneys' fees for his services on behalf of debtor(s) in the Extradition Case has been allowed by this Court and is not at issue here.

- 3 -

against debtors, who at the time were represented by other counsel, pursuant to an enforceable contract. See Travelers Casualty and Surety Co. of America v. Pacific Gas and Electric Co., 127 S.Ct. 1199, 1204 (2007) (an otherwise enforceable contract allocating attorneys' fees is allowable in bankruptcy except to the extent that the claim implicates any of the nine exceptions enumerated in 11 U.S.C. § 502(b)).

Furthermore, there is no express language in the Bankruptcy Code that supports a claim that Carey is an attorney for the debtors. (Tr 9:20 — 10:5); Cf. Travelers Casualty, 127 S.Ct. at 1206 (in the absence of *express textual support* in Bankruptcy Code, case law cannot stand that disallowed unsecured claims for contractual attorneys' fees incurred while litigating issues of bankruptcy law).

Even if this Court determines that Carey is an "attorney of the debtors", this Court cannot simply deny Carey's claim without a hearing to determine the reasonableness of Carey's fees. 11 U.S.C. § 502(b)(4); see Rule 9075-1, Local Bankruptcy Rules for the Southern District of New York ("An objection to a proposed action or order shall constitute a request for a hearing."). The Court should consider, among other factors:

1) the amount of work done;
2) the novelty and difficulty of the questions involved;
3) the skill requisite to perform the legal service properly;

- 4 -

4)   the results accomplished;

5)   whether the fee is fixed or contingent;

6)   the amount involved in connection with the services rendered;

7)   the length of time consumed;

8)   the experience, reputation and ability of the attorneys;

9)   the size of the estate; and

10)  the opposition met.

In re Nelson, 206 B.R. 869, 882 (Bankr.N.D.Ohio 1997) (finding that factors used to determine reasonable compensation pursuant to 11 U.S.C. §§ 327, 330 are useful criteria to a determination of reasonable value pursuant to 11 U.S.C. § 502(b)(4)).

**POINT II**

**THE SUPREME COURT GRANTED CAREY SUMMARY JUDGMENT ON HIS CONTRACT CLAIM FOR COLLECTION FEES**

Justice Leland DeGrasse granted summary judgment on the liability portion of Carey's contract claim for collection fees. (**"Decision"**). As discussed in detail below, the Supreme Court severed the damages issue for a later determination. The determination of allowable fees is pending before this Court.

In Schedule F of the Petition, dated April 20, 2004, debtors described Carey's claim for Legal Fees as incurred 01/05/98, the date of the retainer. While debtors listed the liquidated amount of the judgment, they omitted any indication that there was an unliquidated amount of legal fees for which judgment was also granted. In the Statement of Financial

Affairs, p 2, debtors merely listed the Decision as "Action for
Legal Fees … Judgment 3/26/04." Debtors did not qualify the
Judgment as partial summary judgment or mention in the Petition
that the case was stayed by the bankruptcy filing pending a
trial on the issue of debtors' liability for collection fees.

Debtors have never opposed Carey's fee application
expressly on the basis that the Decision denied Carey summary
judgment on his contract claim for collection costs or that the
decision left the liability issue to be determined at trial. To
the contrary, in January 2005, in reference to the collection
fee provision of the retainer agreement, debtors admitted that
Carey "ultimately succeeded on summary judgment." (Debtors'
Opposition to [Carey's] Fee Application, January 5, 2005, ¶
21)("**Fee Opposition**").

Two months earlier, on November 4, 2004, debtors clarified
for Hon. Cornelius Blackshear that Carey had been granted
summary judgment on his contract claim for collection fees and
that a hearing was pending to determine the reasonableness of
Carey's fees for collection:

> 16 THE COURT: But you keep
> 17 going in circles and that is point we have
> 18 to have an evidentiary hearing to determine
> 19 the reasonableness of his fees.
> 20 FOX: Yes, Your Honor. (11/4/04 Tr 9).
>                     \*\*\*

> 7 THE COURT: I will allow
> 8 modification of the automatic stay to allow

- 6 -

```
 9 the parties to go to judgment only.
                   ***
13 MR. FOX: -- to get a
14 determination of what the amount of the
15 collection costs are which has not been
16 determined by the State Court.
17 THE COURT: Right.
18 MR. FOX: That has never
19 been. The Court determined it was in the
20 contract. (11/4/04 Tr 19).
```

Debtors have consistently, though inartfully, described the

Decision as leaving only the amount of damages to be decided.

Debtors argued in their September 27, 2004 Objection to Carey's

Proof of Claim ("**POC Objection**"):

> 68. Contrary to the allegations of Carey, who claims the
> State Court awarded him summary judgment on his collection
> fees, the State Court set the matter for entitlement to
> collection fees for a separate trial. (emphasis added).

Debtors correctly asserted that the matter was set to

determine the amount of fees to be awarded Carey. However, they

erred in adding that such future determination was "contrary to

the allegations of Carey." Carey never claimed that the Decision

included an award of the amount of his damages.

Carey has consistently maintained that the Decision clearly

states that the issue of the amount of collection fees to be

awarded to Carey was "severed for an assessment of damages." As

noted above, debtors characterized this phrase as setting the

"matter for entitlement to collection fees…." Such a phrase is

consistent with the damage assessment language in the Decision;

- 7 -

but the phrase is not consistent with a claim that the Decision
denied summary judgment to Carey on his contract claim for
collection fees.

Debtors also argued in their POC Objection that:

> In fact, the State Court never really heard any evidence in
> that case, in this regard. (Id.).

At face value, debtors statement is correct: the Decision
awarded Carey summary judgment on the liability portion of his
Collection Claim without a hearing. Noting the absence of a
hearing on a motion for summary judgment is not a denial that
the Decision awarded Carey summary judgment on his contract
claims for collection against debtors.

In their POC Objection, in reference to the Decision,
debtors also stated that they could only raise questions in this
Court addressed to the reasonableness of Carey's collection
fees. In short, they implicitly admitted that the Decision was a
ruling in Carey's favor holding debtors liable to pay Carey for
his collection fees, in an amount to be determined as
reasonable:

> As a result of the entry of the Judgment and the financial
> inability to appeal, except to the extent of §502(b)(4) of
> the Bankruptcy Code, Debtors have lost the right to argue
> the "reasonableness" of the amount of the legal fees. (POC
> Objection at 3n1).

In May 2005, in their opposition brief filed on Carey's

appeal to the District Court, debtors explained that:

> it is clear that the State Court did not enter judgment
> with regard to Appellant's alleged collection costs and
> fees and therefore it is the responsibility of the
> Bankruptcy Court to <u>determine *** the amount and
> allowability of the claim.</u> See 11 U.S.C. § 502(b) (emphasis
> added).

At the March 15, 2007 oral argument, debtors initially

admitted that the Supreme Court awarded Carey summary judgment

on the liability portion of his contract claim for collection

fees, leaving only the reasonable amount of such fees to be

determined:

> <u>by severing the matter of collection fees to determine the
> allowable and enforceable amount</u>, if any, [the state court]
> left open the possibility for Debtors to argue at the
> subsequently [sic] hearing or upon any hearing before this
> Court to <u>determine what portion of the claim would be
> allowable</u>, again, if any. (Tr 4:3-8)(emphasis added).

At the same hearing, debtors emphasized that the amount of

fees to be awarded Carey was yet to be "liquidated":

> the determination with respect to <u>collection
> 20   fees was not a final determination.  It wasn't a
> liquidated
> 21   determination.  It wasn't an absolute determination.</u>
> It was
> 22   something that was, quote, unquote, severed by the
> state court
> 23   to be determined at a future date. (Tr 14)(emphasis
> added).

Debtors made no claim in their argument on March 15 that

the Decision only granted partial summary judgment to Carey on

his contract claim for fees billed in the extradition case, and

that the court denied or rejected Carey's motion for summary

judgment on his claim for collection fees. To the contrary,
their acknowledgement that "the matter of collection fees [was
severed] to determine the allowable and enforceable amount", was
consistent with the unambiguous language of the Decision, "for
an assessment of damages".

Later in the argument, debtors sought to sow confusion with
the third bankruptcy judge assigned to this matter. Debtors'
confusing statement of their belief is clearer for what it does
not say. If the Decision constituted denial of summary judgment
on Carey's contract claim for collection fees, debtors failed to
ever make that express, simple claim. The following can and
should be read as consistent with debtors' earlier explanations
that the Decision left the issue of the allowable amount of
collection fees to be liquidated by the state court:

> 3   He severed the matter with respect to the collection
> fees to a
> 4   future date to be argued and determined at that time.
> 5   Therefore, I don't believe that notwithstanding a
> reading that
> 6   claimant has chosen to take from Judge DeGrasse's
> decision to
> 7   make it appear that there was a full and final
> determination
> 8   with respect to collection of fees, I don't believe
> that to be
> 9   the case.  I don't believe Judge DeGrasse believed
> that to be
> 10  the case and he set for a separate hearing and a trial
> on the
> 11  collection fees. (Tr 15).

Disregarding all their earlier descriptions of the

Decision, and without indicating any factual basis for their

conclusion, in a final attempt to sow doubt about the clarity of

the Decision, debtors argued:

    1   [DeGrasse] did not get into the details of what types
    of collection
    2   fees or could the collection fees be collectable.
    That that
    3   whole matter was deferred to the subsequent hearing.
    It is
    4   not a case where there is a car accident or medical
    5   malpractice, and there is a bifurcated trial and
    evidence
    6   submitted where there is testimony and liability is
    proven,
    7   and then merely to determine later on what the damages
    are.
    8   That is not what happened here.
    9   The main issue here Judge DeGrasse was deciding, and
    10  he clearly decided, was the amount of the legal fees.
    11  Notwithstanding the fact that he did not throw out any
    portion
    12  of the contract, he did sever out the entire issue of
    13  collection fees to be decided at a different time. (Tr
    17) (emphasis added).

    Having conceded for the preceding three years of argument

in this Court that the Supreme Court left open only the

determination of damages, debtors offered no basis for their

newly minted, opportunistic and mistaken interpretation of the

Decision. Debtors engaged in a pattern of obfuscating the facts

and making baseless factual and legal arguments. Debtors'

unclear assertions and conclusions of law do not suffice to put

Carey on notice of their speculative claims and arguments. Cf.

Watson v. American Red Cross Blood Services, 468 F.Supp.2d 484,

486-487 (W.D.N.Y. 2007) (bald assertions and conclusions of law

-11-

not sufficient to meet the pleading requirements of Rule 8,
Federal Rules of Civil Procedure).

In reaction to debtors' misleading description of the
Decision, the Court raised an issue not raised previously. The
Court opined that the Decision was unclear, and that it could be
read two different ways:

> (1)  the Supreme Court found debtors liable to Carey on his
> contract cause of action for collection fees, severing
> only the hearing to determine the amount of damages to
> be awarded as reasonable and necessary (TR 25:23-
> 26:1), or
>
> (2)  the Supreme Court denied Carey's motion for summary
> judgment with respect to his contract claim for
> collection fees recoverable under the retainer and
> severed that claim for trial. (Tr 25:19-27:18).

The decision of the Supreme Court is not ambiguous. Justice
DeGrasse described Carey's motion as including summary judgment
for his collection costs, pursuant to the terms of Carey's
retainer agreement.

> "Plaintiff moves for summary judgment granting the relief
> prayed for in the complaint allegedly due under a written
> retainer agreement … and sues to recover a balance of
> $72,274.14 plus attorneys' fees and collection costs…."
> (Ernst Aff Ex D: p 1, emphasis added).

The Supreme Court held that debtors failed to show any
factual basis for their breach of fiduciary duty counterclaim.
(Ernst Aff Ex D: p 2) and concluded that Carey was entitled to
prevail on his motion on the two causes of action against
debtors:

-12-

[Carey] is, therefore entitled to a dismissal of the said counterclaim as well as judgment on the contract and account stated causes of action. (Ernst Aff Ex D: p 2, emphasis added).

After discussing its reasons for dismissing each of debtors' counterclaims, the court granted Carey's motion which, as noted above, included his claim for collection fees:

Plaintiff's motion is granted with respect to the first (contract) and third (account stated) causes of action. (Ernst Aff Ex D: p 4).

Having granted summary judgment on Carey's claim without qualification or condition, as one would expect, the Supreme Court wrote nothing to indicate that the court was denying Carey's motion for summary judgment on his contract claim for collection costs recoverable under the retainer agreement. The court also used no language to condition its grant of summary judgment on Carey's contract cause of action, such as the phrase "granting partial summary judgment" or "denied in part, granted in part."

The court directed the Clerk to enter judgment against debtors for $72,274.14 in favor of Carey, and enter judgment that dismissed defendants' counterclaims and Carey's claims against debtors' son, defendant Rudi Ernst. (Ernst Aff Ex D: p 4). The court stated unambiguously:

Plaintiff's claim for collection costs recoverable under the agreement is severed for an assessment of damages which shall be conducted on the scheduled trial date. (Ernst Aff Ex D: p 4)(emphasis added).

-13-

If the Supreme Court had denied the liability portion of Carey's contract claim for collection fees, it would have ordered a trial on the issue of liability and not ordered a premature hearing to assess damages.

The Supreme Court had decided that debtors were <u>liable</u> to Carey for breach of contract on his claim for collection costs. Having determined that debtors were liable on that claim, there was no need to sever that issue for trial, as debtors speculated at the March 15 argument. As the court made clear, the only matter left open was the need to determine or assess the damages Carey would be awarded against debtors for collection costs. [4]

Justice DeGrasse's decision can only be read one way: that Carey's motion for summary Judgment for breach of contract included all the terms of the contract, including those that governed his right to collect attorneys' fees in the collection action. To read the Decision in the speculative manner argued by debtors, one would have to find an express statement that Judge DeGrasse had denied Carey's motion for summary judgment for breach of contract on his claim for collection costs. The court was specific in its denials of portions of Carey's and debtors'

---

[4]    As noted in the Decision, debtors claimed in their cross-motion for summary judgment that Carey's retainer clause making debtors liable for collection fees was not only enforceable but also reciprocal. However, recognizing that this Court might decide that the Supreme Court decided the liability issue in Carey's favor, debtors now argue that Carey's contract claim for collection fees is unenforceable, relying on <u>Ween</u>. (<u>See</u> Point III).

motions for summary judgment. Justice DeGrasse expressly denied

Carey's motion for *quantum meruit* and for judgment against Rudi

Ernst. He made no express ruling that supports debtors' argument

that Carey's motion for summary judgment for breach of contract

regarding collection costs was denied or severed to be

determined at a jury trial.

**POINT III**

**THE DECISION OF THE SUPREME COURT IN THE
CAREY COLLECTION CASE IS A FINAL NON-
APPEALABLE DECISION**

Carey served a notice of entry of the Supreme Court's

Decision fifteen days after debtors filed their petition in

bankruptcy, on April 20, 2004. Debtors did not file a notice of

appeal within the required 30 days. Rule 5513, Civil Practice

Law and Rules ("**C.P.L.R.**"). The Decision cannot be appealed now

and is final.

Debtors argue that Carey's notice violated the automatic

stay and was ineffective. (Tr 5:6-23).[5] Debtors further argue

that since their time to appeal has not yet begun to run in the

Supreme Court, the Decision is not a final non-appealable order.

(Tr 5:6 - 7:7). Debtors' argument has no merit.

**A.   CAREY'S NOTICE OF ENTRY WAS EFFECTIVE AGAINST DEBTORS AND
THE DECISION IS A FINAL NON-APPEALABLE DECISION**

Since the notice of entry was a valid, ministerial act, the

---

[5]      References to debtors' argument are to debtors' oral argument on March
15, 2007 in which debtors' attorney read a reply memorandum into the record.

-15-

Decision is a final non-appealable order. Among other
provisions, 11 U.S.C. § 362(a) states that:

> (a) …a petition filed under section 301, 302, or 303 of
> this title … operates as a stay, applicable to all
> entities, of —
>
> (1) the … continuation, including the issuance or
> employment of process, of a judicial, administrative, or
> other action or proceeding against the debtor …[.]

Certain _ministerial_ acts, such as the act of entry of
judgment by the court clerk, do not constitute the continuation
of a judicial proceeding under 11 U.S.C. § 362(a)(1), and do not
violate the automatic stay. Rexnord Holdings, Inc. v. Bidermann,
21 F.3d 522, 527 (2d Cir. 1994). Carey's service of notice of
entry was a similar act. It did not continue the judicial
proceeding against debtors. Debtors' reliance on Rexnord is
misplaced.

11 U.S.C. § 362(a) also stays:

> (2) the enforcement, against the debtor or against property
> of the estate, of a judgment …[.]

Debtors also rely on In re 48th Street Steakhouse, Inc., 835
F.2d 427 (2d Cir. 1987), to support their argument that the
notice of entry violated the automatic stay. (Tr 5:24 - 6:2). In
Steakhouse, the court held the action taken against the assignee
of the lease assigned by debtor would inevitably have an adverse
impact on property of the bankruptcy estate, and was barred by
the automatic stay. In re 48th Street Steakhouse, Inc., 835 F.2d

-16-

at 431.

Carey's service of notice of entry of the Supreme Court's
decision would not inevitably have an adverse impact on property
of debtors' estate.

Taking or filing a notice of appeal clearly constitutes
the continuation of a judicial action or proceeding. See
generally Ostano Commerzanstalt v. Telewide Systems, Inc., 790
F.2d 206, 207 (2d Cir. 1986). However Carey's service of a
notice of entry of order is distinguishable. Carey's notice did
not continue the action for his benefit. Carey had no further
steps to take except to set the amount of collection fees
allowed as his claim, a step blocked by the automatic stay but
permitted pursuant to 11 U.S.C. § 362(a). To the contrary, Carey
merely gave debtors the option to appeal the Decision. Service
of notice of entry was a ministerial act which debtors simply
chose to ignore.

Had debtors chosen to appeal the Supreme Court's decision
or to raise the issue in their POC objection or in their Fee
Opposition, and secured a favorable result, the benefit would
have inured to the bankruptcy estate and to the creditors of
this bankruptcy proceeding, and would not have been adverse in
any respect except to Carey. Had debtors lost on appeal, it
would not have changed the impact of the Supreme Court decision.
Debtors could not attack the claim merely because it was

-17-

contingent on a hearing to determine its amount 11 U.S.C. §
502(b)(1).[6]

Debtors' failure to file a notice of appeal or, in the
alternative, failure to apply to this court to lift the stay to
pursue an appeal, within 30 days of service of the notice of
entry, rendered the Supreme Court's decision final. Rule 5513,
C.P.L.R.

**B.    DEBTORS WAIVED THEIR RIGHT TO CHALLENGE THE SUPREME COURT
DECISION**

Debtors should have attacked the Decision granting summary
judgment on the liability issue. They failed to file an appeal
of the Decision. Indeed, they could not appeal the Decision.
Debtors claimed that the collection fee clause was enforceable,
and that it was reciprocal and supported their claim for
attorneys' fees in the Collection Case. The Supreme Court
rejected the claim that the clause was enforceable for debtors'
benefit. Having failed to challenge enforceability of the
collection fee clause in Supreme Court, they could not make
their argument for the first time on appeal. Pozdniakov v.
Immigration and Naturalization Service, 354 F.3d 176, 177-178
(2d Cir. 2003) (because appellant failed to challenge denial of
asylum and voluntary departure on appeal, those arguments deemed

---

[6]    The notice of entry did not seek to enforce a judgment (11 U.S.C. §
362(a)(2)), and did not seek to "…obtain possession of property of the
estate[.]" 11 U.S.C. § 362(a)(3).

-18-

waived); <u>In re Kassover</u>, 2001 WL 1204137 at *1 (S.D.N.Y. 2001)
(party's argument that trustee failed to challenge her claim of
ownership in certain properties not raised in numerous
objections to various actions of trustee, and thus failed to
preserve the issue for appeal), <u>citing</u> <u>In re Blackwood</u>
<u>Associates, L.P.</u>, 153 F.3d 61, 67 (2d cir. 1998).

Debtors also fail to raise in this Court the argument that
the Decision denied Carey summary judgment on his contract claim
for collection fees. The argument is not in their objection to
Carey's proof of claim, in their opposition to Carey's fee
application (<u>see</u> Point II, <u>supra</u>), or in their summary judgment
motion. Debtors conceded at a hearing before the Honorable
Sidney H. Stein, on March 28, 2005, that they chose not to
appeal the Decision, even though they claimed they had the right
to do so. By failing to expressly identify their objection, they
waived their right to make that argument now. <u>See</u> e.g., <u>In re</u>
<u>Mathiason</u>, 16 F.3d 234, 238 (8th Cir. 1994) (Chapter 7 trustee's
failure to raise joint tenancy issue in a prior adversary
proceeding in which it had the opportunity to raise the issue
constituted a waiver of the right to raise the issue in a
subsequently filed motion for determination of extent of

creature's secured claim).[7]

**C.    WEEN IS NOT CONTROLLING PRECEDENT**

If Carey's fee application becomes a final decision before

Ween becomes final, Ween could not be applied retroactively.

(Carey Memorandum of Law in Opposition to Debtors' Motion for

Summary Judgment, p. 12-14, January 29, 2007).

**CONCLUSION**

Debtors' motion for summary judgment should be denied.

Dated:  April 13, 2007
        New York, New York

                            Respectfully Submitted,

                            CAREY & ASSOCIATES LLC


                            By: /s/ MICHAEL Q. CAREY
                                Michael Q. Carey (MC 1802)
                            Attorneys for Michael Q. Carey,
                            d/b/a Carey & Associates
                            521 Fifth Avenue, Suite 3300
                            New York, NY 10175-3399
                            Tel: 212-758-0076
                            Fax: 212-758-0069

Of Counsel:
        Natasha P. Concepcion

---

[7]    Debtors had no right to raise the argument for the first time in reply on the motion for summary judgment, if they did so. Carey maintains debtors never raised the argument even at oral argument. (See Point II, supra).