**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------

**In re:**

**RUDOLF J.O. ERNST and ANGELIKA L. ERNST,**

        **Debtors.**

----------------------------------------

Chapter 11
Case No. 04-12291(BRL)

**07 Civ. 4840 (JGK)**

<u>**OPINION AND ORDER**</u>

**JOHN G. KOELTL, District Judge:**

This is an appeal from the Order granting Debtors' motion for summary judgment (the "Order") entered by the United States Bankruptcy Court for this district (the "Bankruptcy Court") on April 27, 2007. <u>In re Ernst</u>, 368 B.R. 296 (Bankr. S.D.N.Y. 2007) (Docket No. 5595). The appeal is brought by creditor Michael Q. Carey d/b/a Carey & Associates ("Carey" or the "Appellant"). The debtors are Rudolf J.O. Ernst and Angelika L. Ernst (the "Debtors" or the "Appellees"). There is jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a)(1).

The Appellant is an attorney. The Bankruptcy Court held that a provision in the retainer agreement between the Appellant and the Appellees that allowed the Appellant to recover the costs of collecting his fees from the Appellees was unenforceable under New York law. The central issues on this appeal are, first, whether the Bankruptcy Court erred in finding that the non-reciprocal collection fee clause in the Appellant's retainer agreement was per se unenforceable pursuant to the

decision of the New York State Supreme Court Appellate Division, First Department, in Ween v. Dow, 822 N.Y.S.2d 257 (App. Div. 2006); second, whether the Bankruptcy Court erred in applying Ween as applicable law under 11 U.S.C. § 502(b)(1); and third, whether the Bankruptcy Court erred in finding that the disallowance of the claim for collection costs was not barred by res judicata.

The Court has reviewed the Bankruptcy Court's decision granting the Debtors' motion for summary judgment and the arguments of the parties to this appeal. For the reasons explained below, the Order is **affirmed**.

## I.

This appeal arises from a conflict that reaches back several years and embodies a complicated procedural history. From January through July 1998, the Appellant Carey represented debtor Rudolf J.O. Ernst in an extradition matter in the Southern District of New York. In connection with the representation, the Debtors entered into a retainer agreement (the "Retainer Agreement") with Carey that contained a provision that allowed Carey to recover the costs of collecting his fee. (See Appellant's Appendix dated July 9, 2007 ("Appellant's Appx."), Ex. 1.) The provision was non-reciprocal because it did not provide that the client could recover the costs of resisting an unmeritorious claim for fees.

In August 1998, Carey sued in the New York State Supreme Court for his fees from representing Rudolf J.O. Ernst, and by order dated March 19, 2004, Justice DeGrasse granted Carey's motion for summary judgment in the amount of $72,274.14 for account stated. Carey and Assocs. v. Ernst, No. 60400/98 (N.Y. Sup. Ct. filed Mar. 26, 2004)(the "State Court Decision"). The court also determined that Carey was entitled to the costs of collection, pursuant to the Retainer Agreement. Id. The decision left open the amount of costs, which was to be determined at a hearing which was to be scheduled: "Plaintiff's claim for collection costs recoverable under the agreement is severed for an assessment of damages which shall be conducted on the scheduled trial date." Id.

On April 5, 2004, shortly after the State Court Decision was filed, and before the hearing to determine the amount of costs was held, the Debtors filed a Chapter 13 Bankruptcy proceeding. On July 27, 2004, Carey filed a claim in the bankruptcy proceeding for $335,319.20, including the unpaid fees in the extradition proceeding for $72,274.14, disbursements of $15,951.77, and $195,893.50 for the collection fees that would be presented to the Bankruptcy Court for a determination of reasonableness and necessity, as well as interest on the amount of the extradition judgment and the collection fees amounting to $51,199.79. In December 2004, Carey filed a fee application for

$205,707.78, for fees and disbursements and a request for contractual interest on fees and disbursements at 12% per annum.

On February 22, 2005, Bankruptcy Judge Blackshear found that Carey was entitled to his claim for $72,000 but reduced the amount of interest from 12% as provided in the Retainer Agreement to 9%. In re Ernst, No. 04-12291 (Bankr. S.D.N.Y. Feb. 22, 2005); (Appellant's Appx., Ex. 3.). Judge Blackshear noted that while the claim for collection fees was rooted in state law, the Bankruptcy Court had to determine it to be "reasonable" under section 502(b). Without holding a hearing, Judge Blackshear disallowed Carey's claim for collection fees in its entirety on the grounds that there was insufficient evidence of the reasonableness of the costs.

On appeal to this Court, Judge Patterson affirmed the reduction of the interest rate to 9% but reversed the Bankruptcy Court's denial of a hearing on Carey's claim for collection fees, on the grounds that Judge Blackshear had indicated that there would be an evidentiary hearing at which the attorney could prove the reasonableness of the costs but then failed to hold the hearing. (Appellant's Appx., Ex. 4.)

The case returned to Bankruptcy Judge Peck. Before a hearing to determine costs and fees was held, the Appellate Division issued a decision in another case holding that it was an unconscionable provision in a retainer agreement to provide

4

for a non-reciprocal provision allowing an attorney to recover the costs of collection but not permitting the client to recover the costs of resisting a suit for the collection of fees. Ween v. Dow, 822 N.Y.S.2d 257 (App. Div. 2006). Upon a motion for summary judgment by the Debtors, Judge Peck found that the decision made the provision in the retainer agreement providing for the recovery of collection costs unenforceable. The court also found that under section 502(b)(1) the court had to assess the validity of a claim under the law as it existed at the time that the Bankruptcy Court was making its decision, even though the amount of the claim would be determined at the time the petition is filed. In re Ernst, 368 B.R. at 304. Finally, the court found that the disallowance of the claim was not barred by res judicata. Id. at 308. Carey now appeals from that Order.

    The Appellant argues that the Bankruptcy Court erred in concluding that the collection fees clause was unenforceable, that the court improperly applied Ween under section 502(b)(1) and that the Bankruptcy Court erred in finding that res judicata did not bar the Debtors' motion for summary judgment.

    The Court reviews the Bankruptcy Court's conclusions of law de novo and its findings of fact for clear error. Citibank, N.A. v. Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003); In re Johns-Manville Corp., 340 B.R. 49, 58 (Bankr. S.D.N.Y. 2006); see also Fed. R. Bankr. P. 8013.

**II.**

The Appellant initially argues that the Bankruptcy Court erred in interpreting Ween v. Dow as a per se bar on non-reciprocal collection fee allowances in attorney retainer agreements.  According to the Appellant, Ween v. Dow and the cases relied upon by Ween each relied not only on non-reciprocal provisions in the retainer agreement, but on findings of attorney misconduct.

The Appellant's efforts to distinguish Ween are unavailing. The Appellate Division concluded that a non-reciprocal provision authorizing the attorney alone to recover collection fees is unreasonable and unenforceable. This conclusion stands apart from the findings as to the specific attorney's conduct in that case. The court clearly stated:

> We find that the very nature of the provision, which permits the recovery of attorneys' fees by the attorney should he prevail in a collection action, without a reciprocal allowance for attorneys' fees should the client prevail, to be fundamentally unfair and unreasonable. Aside from its lack of mutuality, the clause, even if not so designed, has the distinct potential for silencing a client's complaint about fees for fear of retaliation for the nonpayment of even unreasonable fees.  That being so, such a provision is not entitled to judicial sanction and is, therefore, unenforceable.

Ween, 822 N.Y.S.2d at 261-62. (citations omitted). This statement followed a discussion of the unique relationship between attorneys and their clients that did not incorporate any reference to attorney misconduct. Therefore, notwithstanding the

6

particular facts in Lustig v. Horn, 732 N.E.2d 613 (Ill. App. Ct. 2000), Gruber & Colabella, P.A. v. Erikson, 784 A.2d 758 (N.J. Sup. Cr. Ct. Law Div. 2001), or In re Cooperman, 633 N.E.2d 1069 (N.Y. 1994), cited by the Appellate Division in Ween, the Appellate Division's holding that non-reciprocal collection fee allowances for an attorney in retainer agreements are unconscionable does not depend upon any findings of attorney misconduct.

Ween is controlling law. If the Appellant was granted relief from the automatic stay and was allowed to pursue the decision of the New York State Court allowing an award of collection costs but not determining the amount, any subsequent New York State Court decision would not enforce an award of such costs. As the Bankruptcy Court properly noted, although the Ween decision would not automatically constitute grounds for vacating the State Court Decision if Carey were to pursue his claim in state court, the state court would look to three factors to determine whether to apply the Ween decision: "(1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect on the administration of justice of retroactive application." People v. Favor, 624 N.E.2d 631, 635 (N.Y. 1993)(internal citations omitted). The Appellate Division's determination that the non-reciprocal contract provision in Ween was "fundamentally unfair and unreasonable"

7

satisfies these factors and would be applied retroactively. A New York State Court would not enforce a provision that the Appellate Division found to be unconscionable and unenforceable. Indeed in Ween itself, the court did not announce a purely prospective rule and refused to enforce the provision at issue in Ween.

Therefore, the Bankruptcy Court properly interpreted Ween as a per se bar on nonreciprocal fee provisions such as the one included in the Appellant's contract with the Debtors.

### III.

The Appellant also argues that the Bankruptcy Court misconstrued its directive under section 502(b)(1). Section 502(b)(1) instructs the Bankruptcy Court to determine the amount of a disputed claim "as of the date of the filing of the petition" and to allow the claim in such amount, "except to the extent that such ...claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Here, the petition was filed on April 5, 2004, and the decision in Ween that changed the applicable state law was issued on October 5, 2006, almost a year after Judge Patterson's decision in Carey v. Ernst, 33 B.R. 666 (Bankr. S.D.N.Y. 2005)

8

that partially reversed Judge Blackshear's earlier ruling and remanded the case to the Bankruptcy Court for an evidentiary hearing. The Bankruptcy Court determined that <u>Ween</u> was applicable law within the meaning of section 502(b)(1), even though it was not decided until after the petition date, because section 502(b)(1) contains no "point in time" reference and is most naturally understood to mean controlling precedent that is applicable at the time a court is called upon to make its judgment whether a particular claim is enforceable under state law.

   The Bankruptcy Court was correct that it was required to determine the validity of the claim at the time that it was making its decision to determine whether the claim was enforceable under "applicable law."  The Appellant's efforts to establish otherwise are unpersuasive. As the United States Supreme Court recently reiterated, claims under section 502(b)(1) are governed by state law, under which property interests are defined and created. <u>Travelers Cas. & Sur. Co. of America v. Pac. Gas & Elec. Co.</u>, 127 S. Ct. 1199, 1205 (2007). While section 502 requires that the amount of a claim be determined as of the date of the filing of this petition, there is nothing in that section that requires a court to ignore that the claim is no longer valid under state law.  The Bankruptcy

9

Court found no compelling authority to support the proposition that it can ignore applicable state law as of the time it is making its determination. It would be anomalous for the Court to conclude that the Appellant's claim is enforceable under New York State law when it is plainly not enforceable and when a New York State court would find the claim to be unconscionable.

## IV.

Finally, the Appellant challenges the Bankruptcy Court's determination that the disallowance of the claim was not barred by res judicata.  The Bankruptcy Court noted that the sentence in the Supreme Court decision addressing collection fees was ambiguous and that the Supreme Court did not explicitly find liability or enter a judgment against Ernst for collection fees. Nevertheless, the Bankruptcy Court assumed for purposes of its decision that Justice DeGrasse actually made a finding that the Debtors' were liable for collection fees.  Even so, the Bankruptcy Court determined that a finding of liability by the state court established at most only a right to payment in an unliquidated amount and did not limit the Bankruptcy Court's power to determine the allowed amount of the collection fee. "Because the bankruptcy court is the only forum that is competent to determine whether Carey's claim is allowable, the

doctrine of res judicata does not apply." In re Ernst, 368 B.R. at 308.

The Court of Appeals for the Second Circuit has made clear that bankruptcy courts are bound to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so, absent a finding that the judgment was attained through fraud or collusion.  For example, in Kelleran v. Andrijevic, 825 F.2d 692 (2d Cir. 1987), the Court of Appeals remanded the matter to the bankruptcy court for further consideration when the bankruptcy court found creditors' claims arising from a state court default judgment to be "wholly without merit".  The court noted that the bankruptcy court was bound to give preclusive effect to a default judgment to the same extent as would a New York State court. Id. at 694 (citing 28 U.S.C. § 1738).

However, the Appellant cannot establish that the one sentence in the state court opinion relating to costs was a final judgment for the purposes of res judicata.  Under the New York doctrine of res judicata, a prior judgment on the merits is conclusive in any subsequent action involving the same cause of action not only as to the issues actually litigated in the prior proceeding but those which could have been.  See Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (noting principle of res judicata same under both New York and federal

11

law).  But res judicata requires the entry of a final judgment on the merits.  See id.; Peterson v. Forkey, 376 N.Y.S.2d 560 (App. Div. 1975).  In this case, there was no state court judgment awarding collection costs to the Appellant.  Justice DeGrasse's March 26, 2004 order directed the Clerk to enter judgment in favor of the Appellant against the Debtor in the sum of $72,274.14 plus interest from July 31, 1998, together with costs and disbursements.  Justice DeGrasse also ordered the entry of judgment dismissing the Debtors' counterclaims and the Appellant's claims against Rudolf Ernst.  However, with respect to the Appellant's claim for collection costs that is the subject of the current appeal, Justice DeGrasse severed the claim for collection costs for an assessment of damages which was to be conducted on the scheduled trial date.  It is undisputed that the Debtors filed their petition for bankruptcy before the trial and indeed, before a notice of entry was issued permitting an appeal from Justice DeGrasse's order.

    The doctrine of res judicata therefore did not require the Bankruptcy Court to afford preclusive effect to any state court order on the collection fees.  At the time of the bankruptcy proceeding, no such claim was reduced to a state court judgment. Cf. In re Drexel Burnham Lambert Group Inc., 148 B.R. 979 (Bankr. S.D.N.Y. 1992) (refusing to award attorneys fees when intervention of automatic stay for bankruptcy proceedings

prevented underlying actions from going forward to judgment and thus no determination of liability or amount of reasonable attorneys fees had been awarded). This is unlike the default judgment at issue in Kelleran where a default judgment on liability had been entered. Default judgments are indisputably judgments for the purposes of res judicata. EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 626 (2d Cir. 2007).

Moreover, there could be no preclusive effect with respect to the determination of damages. See Kelleran, 825 F.2d at 692 (noting state proceedings resulting in default judgment that expressly contemplated a damages inquest that never took place did not bar litigation of the damages issues in the bankruptcy court). The Bankruptcy Court would have to analyze the amount of damages under Section 502(b)(1) and would be bound to determine that no damages could be awarded under a provision that has been found to be unconscionable and unenforceable under New York State law.

## CONCLUSION

For the reasons stated above, the Order entered by the Bankruptcy Court on April 27, 2007 is **affirmed.** The Clerk of the Court is directed to enter judgment and close the case.

SO ORDERED.
Dated:    New York, New York
          February X, 2008

John G. Koeltl
United States District Judge

13